[No. A070633. First Dist., Div. Three. Aug. 16, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES ALLAN STEVENS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III and IV of Discussion.

## COUNSEL

Peter Ottenweller, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CORRIGAN, Acting P. J.**—Defendant raises various claims of error with respect to his sentencing under the "Three Strikes" law (Pen. Code,[1] § 1170.12). We hold defendant was properly sentenced under the Three Strikes law for his petty theft conviction and that his prior conviction qualifies as a strike. However, because the record is unclear as to whether the court understood it had the authority to strike defendant's prior conviction allegation and the authority to sentence his petty theft conviction as a misdemeanor under section 17, subdivision (b), we reverse the judgment and remand for resentencing.

*Facts*

Defendant was charged with committing petty theft on October 27, 1994,[2] and having a prior theft-related conviction. (§ 666.) Additionally, his 1989 felony conviction for assault with a deadly weapon was alleged as a prior conviction under section 1170.12. After a waiver of jury, defendant was found guilty under section 666, and his prior conviction was found true.

Defendant asked the court to sentence his petty theft conviction as a misdemeanor under section 17, subdivision (b) or, in the alternative, to dismiss his strike under section 1385, subdivision (a). The court denied both requests.[3] The court then selected the low term of 16 months for the violation of section 666 and doubled that term to 32 months under section 1170.12, subdivision (c)(1).

DISCUSSION

I. *Sentencing of Section 666 Under the Three Strikes Law*

■ Defendant argues that his petty theft conviction is a misdemeanor and thus he cannot be sentenced under the Three Strikes law, which pertains

---

[1] All further statutory references are to the Penal Code.

[2] The voters passed section 1170.12 by initiative on November 8, 1994. The Legislature enacted the earlier version of the Three Strikes law on March 7, 1994. (§ 667, subds. (b) - (i).) Defendant was charged under section 1170.12, even though his new offense predated passage of the initiative. He properly should have been charged under the legislative version of the law. However, defendant has not raised that objection. Moreover, the result here would be the same had he been properly charged.

[3] The court ruled as follows: "At this point then the Defendant's motion requesting the court to deem the matter a misdemeanor at this point would be denied. [¶] The request that the court strike the strike allegation I think at this point is likewise denied. It is an open question, and I don't know that this is the case that I want to make the example or model, at least from my point of view, looking at the Defendant's record and the significant circumstances." Later, the court commented: "This isn't the kind of case that a wobbler would normally be inclined to be exercised in the discretion, especially with the kind of record you've got, the fact you're on parole now."

only to felonies.[4] It is important at the outset to clarify what defendant is *not* arguing. He does not contend that the same prior conviction cannot be used to elevate his petty theft conviction to a felony and to bring him within the Three Strikes sentencing scheme. Nor does he argue he has been subjected to multiple enhancements.[5] Instead, he contends that petty theft is always a misdemeanor and that section 666 merely provides for the *punishment* of petty theft as a felony when the defendant has a prior theft-related conviction that resulted in incarceration. He contends the Three Strikes scheme pertains only to offenses that are actually felonies, not those merely punished as felonies. Finally, he contends, section 666 is the exclusive means of punishing petty theft as a felony. We reject these arguments for the reasons set forth below.

First, defendant's position is based on an analysis no longer viable under California law. He relies principally upon *In re Boatwright* (1932) 216 Cal. 677 [15 P.2d 755] (*Boatwright*). There, the defendant was convicted of petty theft with prior convictions for which he had been incarcerated. He contended he could not be punished with a life sentence under the state's habitual offender statute,[6] for which his prior convictions otherwise qualified him. Instead, he argued, he was subject to a maximum penalty of five years under a sentencing statute specifically designed for those who commit petty theft and who have previously been convicted of a felony for which they served a term in a penal institution.[7] (216 Cal. at p. 680.) The Supreme Court agreed: "Petit larceny, or petit theft, is not of itself a felony, and becomes such only when it is superadded to some other offense of which the party charged has suffered conviction, and this is done, not to enlarge the scope of the crime, but to add to *the punishment of the person who commits it*, for his many prior violations of the law. [¶] The language of our statute is so clear and unequivocal as to compel this court to hold that the legislature intended, by the enactment of said subdivision 2 of section 667 of the Penal Code, under which petitioner was convicted, that on a conviction of petit theft, no greater penalty is to be imposed than imprisonment for a period of five years, notwithstanding the fact that the defendant had suffered other convictions and served time thereunder on more serious charges than the petit

---

[4]Section 1170.12, subdivision (a) provides: "Notwithstanding any other provision of law, if a defendant has been convicted of a *felony* and it has been pled and proved that the defendant has one or more prior felony convictions, as defined in subdivision (b), the court shall adhere to each of the following: . . . ." (Italics added.)

[5]We have previously held that the Three Strikes sentencing scheme is not an enhancement. (*People* v. *Anderson* (1995) 35 Cal.App.4th 587, 594-595 [41 Cal.Rptr.2d 474].)

[6]Former section 644, repealed by Statutes 1976, chapter 1139, section 261.5, page 5136, operative July 1, 1977.

[7]Former section 667, subdivision 2, added by Statutes 1909, chapter 236, section 1, page 364, repealed by Statutes 1976, chapter 1139, section 267, page 5137, operative July 1, 1977.

charge, of which he was lastly convicted. The section of the code deals *ex industria*[8] with a specific subject and leaves nothing open for construction." (*Boatwright, supra,* at p. 683.) However, defendant's argument ignores the various statutory changes since *Boatwright.*

At the time of Boatwright's offense, section 666 provided for the enhanced punishment of individuals who committed a new offense, having previously been convicted of petty theft.[9] When the new offense was also a petty theft, the maximum sentence was five years in prison. (Former § 666, subd. 3; see Historical Note, 49 West's Ann. Pen. Code (1988 ed.) § 666, p. 651.) At the same time, former section 667 provided for the enhanced punishment of individuals who committed a new offense, having previously been convicted of a felony for which they served a term in a penal institution. As noted above, subdivision 2 of that section pertained specifically to those whose new offense was petty theft. (Stats. 1909, ch. 236, § 1, p. 364.) In 1931, the Legislature amended section 667 to refer solely to those who commit petty theft, having committed a felony for which they served a term in custody.[10] (Stats. 1931, ch. 481, § 3, pp. 1051-1052.) The maximum punishment under section 667 remained five years.

In 1976, the Legislature passed the Uniform Determinate Sentencing Act. (§ 1170 et seq.; Stats. 1976, ch. 1139, § 273, p. 5140 et seq., operative July 1, 1977.) As part of that legislation, section 667 was repealed. Section 666 was refashioned to read much as it does today.[11] (Stats. 1976, ch. 1139, §§ 266, 267, p. 5137.) Additionally, section 667.5 was enacted. (Stats. 1976, ch. 1139, § 268, pp. 5137-5138.) Section 667.5, subdivision (b) provides for the enhancement of any prison sentence by one year for each prior felony conviction resulting in a prison term. The holding in *Boatwright* was dictated by the indeterminate sentencing scheme operative at the time and the language of the particular statute in question. Consequently, it is not applicable here.

---

[8]"With contrivance or deliberation; designedly; on purpose." (Black's Law Dict. (6th ed. 1990) p. 574, col. 2.)

[9]For ease of reference, we use the term "petty theft" in place of or to include the term "petty larceny" when the latter term appears in the relevant statutes.

[10]Boatwright was prosecuted under the statute as it read before the 1931 amendment.

[11]"Every person who, having been convicted of petit larceny or petit theft and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for such offense, is subsequently convicted of petit theft, then the person convicted of such subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." (Stats. 1976, ch. 1139, § 266, p. 5137.) Subsequent amendments have deleted petit larceny (Stats. 1977, ch. 296, § 1, p. 1196) and expanded the list of theft-related prior convictions that qualify under the statute: grand theft, burglary, robbery (Stats. 1977, ch. 296, § 1, p. 1196), auto theft (Stats. 1986, ch. 402, § 1, p. 1622), receiving stolen property (Stats. 1988, ch. 831, § 1, p. 2697), and carjacking (Stats. 1993, ch. 610, § 9.5, ch. 611, § 10).

The distinction between a misdemeanor and a felony is based upon the punishment prescribed. (§ 17.)[12] Additionally, section 666 does not describe a substantive offense but is, instead, a sentencing statute. (*People* v. *Bouzas* (1991) 53 Cal.3d 467, 479 [279 Cal.Rptr. 847, 807 P.2d 1076].) Petty theft is ordinarily a misdemeanor because of the manner in which it is usually punished: by probation and/or time in the county jail. However, when a defendant has suffered any of the enumerated theft-related prior convictions, a subsequent petty theft can be a felony. (§ 666.) If a felony punishment is selected by the court, the subsequent petty theft is not merely *punished as* a felony: it *is* a felony. Consequently, defendant was properly sentenced under section 1170.12.

## II.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### Disposition

The judgment is reversed, and the matter is remanded for resentencing consistent with the opinions expressed in the nonpublished portions of this opinion.

Parrilli, J., and Walker, J., concurred.

---

[12]Section 17 provides, in part: "(a) A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions. [¶] (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: . . ." Offenses punishable as felonies or misdemeanors are traditionally called "wobblers." Section 17, subdivision (b) goes on to enumerate those events that make a wobbler a misdemeanor.
*See footnote, *ante*, page 982.