[No. D056444. Fourth Dist., Div. One. Apr. 7, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM MORGAN, Defendant and Appellant.

[No. D058846. Fourth Dist., Div. One. Apr. 7, 2011.]

In re WILLIAM MORGAN on Habeas Corpus.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of Discussion parts II. and III.

COUNSEL

John O. Lanahan for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steve Oetting and Theodore M. Cropley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

McINTYRE, J.—Brandishing a hammer is a misdemeanor offense (Pen. Code, § 417, subd. (a)); however, the California hate crimes statute (Pen. Code, § 422.7) elevates a crime that would otherwise be punishable as a misdemeanor to a felony under certain circumstances. (Undesignated statutory references are to the Penal Code.) In the published portion of this opinion, we conclude that the trial court did not err in finding a prior conviction of brandishing a hammer, with a hate crime enhancement, qualified as a serious felony as defined by section 1192.7, subdivision (c)(23) (section 1192.7(c)(23)) because the conduct that made the prior conviction a felony differed from the conduct that made the prior conviction a serious felony.

In the unpublished portion of this opinion, we reject defendant's assertion that the trial court erred in giving the revised version of CALCRIM No. 220 regarding reasonable doubt, and summarily deny defendant's petition for writ of habeas corpus.

FACTUAL AND PROCEDURAL BACKGROUND

We omit the facts underlying William Morgan's convictions as they are not relevant to resolving the issues that he raised on appeal, or in the petition for habeas corpus.

In August 2000, William Morgan pleaded guilty to brandishing a hammer (§ 417, subd. (a)(1)) with a hate crime enhancement allegation (§ 422.7, subd. (a)). At the time of his plea, Morgan understood that the conviction could be used to increase his punishment for future offenses. Specifically, Morgan entered the plea based on the assumption that his conviction would be a "serious/violent felony."

In 2008, William Morgan cut the victim's hand with a knife during an argument. A jury found him guilty of assault with a deadly weapon, and

found true the allegation that he personally used a deadly weapon. It also found him guilty of failing to appear, and found true the allegation that he committed the crime while released on bail. In a bifurcated proceeding, the trial court found true the allegation that Morgan had suffered a prior conviction that qualified as a serious felony, and a strike. Based on its findings, the trial court added a five-year sentence enhancement and doubled the base terms for the assault and failure to appear convictions. It sentenced Morgan to a total term of 12 years four months in prison.

Morgan appeals the judgment, and has filed a separate petition for writ of habeas corpus. We join Morgan's petition for writ of habeas corpus with his direct appeal and consider the issues in this opinion. (*People v. Pope* (1979) 23 Cal.3d 412, 426, fn. 17 [152 Cal.Rptr. 732, 590 P.2d 859].)

## DISCUSSION

### I. *The Prior Conviction*

#### A. *Facts*

Prior to trial in the instant case, Morgan moved to dismiss the allegations that his prior conviction constituted a prior serious felony. He asserted that because his prior conviction was not a "serious felony," it could not be used to enhance his sentence. The prosecution disagreed, arguing that the prior conviction met the definition of a prior serious felony under section 1192.7(c)(23), because it fell within the language of that provision defining a serious felony as "any felony in which the defendant personally used a dangerous or deadly weapon." Based on the preliminary hearing testimony which was used as the factual basis for Morgan's guilty plea, the prosecution argued that Morgan had "personally used a dangerous or deadly weapon" during the commission of that felony within the meaning of section 1192.7(c)(23). Thereafter, Morgan filed a supplemental motion arguing that as part of his plea in 2000, he did not specifically plead guilty to or admit a violation of section 1192.7(c)(23).

The trial court denied Morgan's motion to dismiss the prior serious felony and prior strike allegations. Before sentencing, the trial court affirmed its finding that Morgan's prior conviction qualified as a prior serious felony and as a strike based upon the plea and the preliminary hearing transcript, which revealed that the prior conviction constituted a felony that Morgan committed while armed with a deadly or dangerous weapon.

#### B. *Analysis*

Morgan asserts the trial court erred in finding that his prior conviction for brandishing a hammer, which was punished as a felony under the hate crime

statute, qualified as a prior serious felony offense. He argues that a misdemeanor brandishing offense involving the personal use of a weapon that is elevated to a felony under the hate crime statute, does not qualify as a prior serious felony because section 1192.7(c)(23) does not reference this sentencing enhancement. He cites *People v. Montes* (2003) 31 Cal.4th 350 [2 Cal.Rptr.3d 621, 73 P.3d 489] (*Montes*) and *People v. Briceno* (2004) 34 Cal.4th 451 [20 Cal.Rptr.3d 418, 99 P.3d 1007] (*Briceno*) to support his argument. We disagree.

Brandishing a hammer is a misdemeanor offense. (§ 417, subd. (a)(1).) However, "[s]ection 422.7 elevates a crime that would otherwise be punishable as a misdemeanor to a felony if the crime causes physical injury and is committed 'for the purpose of intimidating or interfering with [another] person's free exercise or enjoyment of any right . . . and because of the . . . person's race, color, religion, ancestry, national origin, disability, gender, or sexual orientation.' " (*People v. Wallace* (2003) 109 Cal.App.4th 1699, 1701 [1 Cal.Rptr.3d 324] (*Wallace*).) "[S]ection 422.7 is not a[] [sentence] 'enhancement,' which is defined as 'an additional term of imprisonment added to the base term.' [Citation.]" (*Id.* at p. 1702.) Rather, section 422.7 is a penalty-enhancement provision (*Wisconsin v. Mitchell* (1993) 508 U.S. 476, 483 [124 L.Ed.2d 436, 113 S.Ct. 2194]; *In re M.S.* (1995) 10 Cal.4th 698, 725 [42 Cal.Rptr.2d 355, 896 P.2d 1365]), that does not identify or establish a substantive crime . . . (*People v. Vasilyan* (2009) 174 Cal.App.4th 443, 448 [94 Cal.Rptr.3d 260]). Stated differently, the section 422.7 penalty is separate from the underlying offense, and focuses on how the defendant committed the crime or the criminal history of the defendant. (*Wallace, supra*, 109 Cal.App.4th at p. 1702.)

Thus, contrary to Morgan's assertion, application of the hate crime statute to a substantive crime is not a sentencing enhancement; rather, it is an alternative penalty provision that elevates otherwise misdemeanor conduct to felony conduct because the defendant committed the substantive crime for the purpose of interfering with the victim's civil rights. (See generally *Wallace, supra*, 109 Cal.App.4th at pp. 1701–1703.)

Morgan's reliance on *Montes* and *Briceno* is misplaced. These cases addressed the interaction between gang-related provisions enacted by Proposition 21 (the Gang Violence and Juvenile Crime Prevention Act of 1998) and section 186.22, which is part of the California Street Terrorism Enforcement and Prevention Act (§ 186.20 et seq.). (*Briceno, supra*, 34 Cal.4th at p. 459.) Proposition 21 "added several new felony violations to the list of serious felonies in section 1192.7, subdivision (c), including section 1192.7[, subdivision] (c)(28), which makes 'any felony offense, which would also constitute a felony violation of Section 186.22,' a serious felony." (*Briceno*, at p. 458.)

In turn, section 186.22 is a complex statute that makes active participation in a criminal street gang a crime (§ 186.22, subd. (a)), and, among other things, lists various sentencing enhancements (§ 186.22, subd. (b)(1), (2)), and alternative penalty provisions (§ 186.22, subds. (b)(4), (5), (d)). (*Briceno, supra*, 34 Cal.4th at p. 460, fn. 7.) In *Montes* and *Briceno*, our high court was concerned about the interplay of these statutes. (See generally *Briceno*, at p. 459.) Of particular concern in *Briceno* was the potential for "bootstrapping" various statutory provisions to increase a defendant's punishment for the same conduct. (*Id.* at p. 465 ["[W]hile it is proper to define any felony committed for the benefit of a criminal street gang as a serious felony under section 1192.7(c)(28), it is improper to use the *same* gang-related conduct *again* to obtain an additional five-year sentence under section 186.22(b)(1)(B)."].)

Our Supreme Court subsequently addressed the interaction of various provisions of section 186.22, with other statutes designed to increase a defendant's punishment. (*People v. Brookfield* (2009) 47 Cal.4th 583 [98 Cal.Rptr.3d 535, 213 P.3d 988] (*Brookfield*); *People v. Jones* (2009) 47 Cal.4th 566 [98 Cal.Rptr.3d 546, 213 P.3d 997] (*Jones*); *People v Rodriguez* (2009) 47 Cal.4th 501 [98 Cal.Rptr.3d 108, 213 P.3d 647] (*Rodriguez*).) Briefly, in *Rodriguez*, our high court held that the trial court should not have imposed sentence enhancements both for the defendant's personal firearm use (§ 12022.5, subd. (a)) and for committing a violent felony to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)), because both sentence enhancements relied on the defendant's firearm use and section 1170.1, subdivision (f) required that only the greatest of the enhancements could be imposed. (*Rodriguez, supra*, 47 Cal.4th at pp. 508–509.)

In *Jones* and *Brookfield*, our high court focused on the actions of the defendants to determine whether the trial court properly imposed a sentence enhancement (§ 12022.53) in conjunction with an alternate penalty provision (§ 186.22, subd. (b)(4)). In *Jones*, the defendant was convicted for shooting at an inhabited dwelling (§ 246), and faced a life sentence because he had committed the crime to benefit a criminal street gang (§ 186.22, subd. (b)(4)). The *Jones* court addressed whether the defendant had committed a felony punishable by life imprisonment (§ 12022.53, subd. (a)(17)), thereby triggering an additional 20-year firearm enhancement under section 12022.53, subdivision (c). (*Jones, supra*, 47 Cal.4th at pp. 570–572.) It noted that section 186.22, subdivision (b)(4) constituted an alternative penalty provision, which made the felony of shooting at an inhabited dwelling subject to life imprisonment. (*Jones, supra*, 47 Cal.4th at p. 578.) In committing the shooting the defendant personally and intentionally discharged a firearm in the commission of that felony (§ 12022.53, subd. (c)); thus, imposition of the 20-year sentence enhancement of section 12022.53, subdivision (c) was proper. (*Jones, supra*, 47 Cal.4th at p. 578.) The *Jones* court distinguished *Briceno*, noting

that application of the alternative penalty provision of section 186.22, subdivision (b)(4), in conjunction with the sentence enhancement of section 12022.53, subdivision (c) for personal use of a firearm did not amount to impermissible bootstrapping because the later statute came into play, not because the defendant committed a gang-related offense, but because he committed a crime sufficiently heinous to warrant life imprisonment. (*Jones, supra,* 47 Cal.4th at pp. 574–575.)

In *Brookfield,* the "defendant was convicted of a gang-related crime in the commission of which he did *not* personally discharge a firearm, but a companion did." (*Brookfield, supra,* 47 Cal.4th at p. 586.) Section 12022.53, subdivisions (d) and (e)(1) authorizes imposition of the 25-year-to-life sentence on a nonshooter principal in a gang-related shooting. But section 12022.53, subdivision (e)(2) provides: "An enhancement for participation in a criminal street gang . . . shall not be imposed on a person in addition to an enhancement imposed pursuant to [the section 12022.53, subdivisions (d) and (e)(1) enhancement], unless the person personally used or personally discharged a firearm in the commission of the offense." The use of the term "enhancement" in section 12022.53, subdivision (e)(2) refers broadly to the sentence enhancement provisions in section 186.22 and to its alternative penalty provisions, including the 15-year minimum parole eligibility provision. (*Brookfield, supra,* 47 Cal.4th at p. 593.) Consequently, "when another principal in the offense uses or discharges a firearm but the defendant does not, there is no imposition of an 'enhancement for participation in a criminal street gang . . . in addition to an enhancement imposed pursuant to' section 12022.53." (*Id.* at p. 590.)

██ In this case, the trial court similarly focused on Morgan's actions. Here, Morgan's act of brandishing a hammer for the purpose of interfering with the victim's civil rights transformed a misdemeanor brandishing offense into a felony. (§ 422.7.) Morgan pleaded guilty to this felony, and acknowledged his assumption that the felony would be a "serious/violent felony" that could be used to increase his punishment for future offenses. ██ For purposes of the prior conviction statute, a conviction occurs at the time of entry of the guilty plea. (§ 667, subd. (d)(1); *People v. Castello* (1998) 65 Cal.App.4th 1242, 1253 [77 Cal.Rptr.2d 314].) Thus, the record of conviction established that the trial court properly found Morgan's prior conviction to be a felony.

The trial court then examined the prior record of conviction to determine whether the prior felony conviction involved the personal use of a dangerous or deadly weapon, thus satisfying the definition of a prior serious felony under section 1192.7(c)(23). Specifically, the trial court found that the preliminary hearing transcript for Morgan's prior conviction revealed that he used a deadly or dangerous weapon when he committed the felony. We agree.

■ In 2000, Morgan pleaded guilty to brandishing a hammer, thus establishing that "in the presence of any other person, [he] [drew or exhibited] any deadly weapon whatsoever, other than a firearm, in a rude, angry, or threatening manner, or . . . unlawfully use[d] a deadly weapon other than a firearm in any fight or quarrel . . . ." (§ 417, subd. (a)(1).) The preliminary hearing transcript for Morgan's prior conviction established that he stood about nine feet away from the victim, held a hammer in one hand while hitting it with his other hand, and caused the victim to fear that Morgan would hit him. (*People v. Wood* (2000) 83 Cal.App.4th 862, 865 [100 Cal.Rptr.2d 115] [court may examine transcript of preliminary hearing to determine whether felony was serious in cases where prior conviction arises from guilty plea].) The "use" of a weapon may include displaying or brandishing the weapon. (*People v. Arzate* (2003) 114 Cal.App.4th 390, 400 [7 Cal.Rptr.3d 680].) Thus, the trial court properly treated Morgan's prior conviction as a prior strike and prior serious felony.

To escape this result, Morgan relies on *People v. Ulloa* (2009) 175 Cal.App.4th 405 [95 Cal.Rptr.3d 905] (*Ulloa*). *Ulloa* involved a defendant with a prior conviction for an offense that had been punished under the alternate penalty provision of section 186.22, subdivision (d) (section 186.22(d)), which gives the court discretion to treat as a felony a misdemeanor committed for the benefit of a criminal street gang. When sentencing for the current offenses, the trial court imposed a three strike sentence and an enhancement for a prior serious felony. (*Ulloa*, at pp. 408–409.) The appellate court reversed, concluding that a misdemeanor treated as a felony under section 186.22(d) is not a serious felony under section 1192.7, subdivision (c)(28) (section 1192.7(c)(28)). (*Ulloa*, at p. 413.) Critically, section 1192.7(c)(28) provides that a serious felony includes "any felony offense, which would also constitute a felony violation of Section 186.22." Thus, the concern in *Ulloa* was using the defendant's gang conduct to elevate a misdemeanor to a felony under section 186.22(d), and bootstrapping *the same gang conduct* into a serious felony under section 1192.7(c)(28). (*Ulloa*, at pp. 412–413, citing *Briceno, supra*, 34 Cal.4th at p. 462 ["[T]he section 1192.7(c)(28) phrase, 'felony violation of Section 186.22,' simply distinguishes crimes that are felonies *regardless* of section 186.22 from crimes that are initially misdemeanors, but become felonies *by virtue of* section 186.22."].)

Here, however, the conduct that made the prior conviction a felony (interfering with the victim's civil rights under § 422.7), is different from the conduct making that felony a serious felony (personally using a dangerous or deadly weapon under § 1192.7(c)(23)). Thus, the vice of bootstrapping the same conduct to increase a defendant's punishment under different statutes that was present in *Ulloa*, and identified by our high court in *Briceno* and

*Jones,* does not exist. (See *Briceno, supra,* 34 Cal.4th at p. 465; *Jones, supra,* 47 Cal.4th at pp. 574–575.)

## II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. The petition for writ of habeas corpus is denied.

Nares, Acting P. J., and McDonald, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 27, 2011, S193221. Werdegar, J., did not participate therein.

---

*See footnote, *ante,* page 79.