[No. B229861. Second Dist., Div. Four. Oct. 16, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ROCCO et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Background parts II.B., III., and Discussion parts II. through IV.

1572

**COUNSEL**

David McNeil Morse, under appointment by the Court of Appeal, for Defendant and Appellant Michael Rocco.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant Samuel H. Cruz.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Colleen M. Tiedemann and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## WILLHITE, J.—

### INTRODUCTION

The alternative sentencing scheme of the "Three Strikes" law applies when "a defendant *has been convicted of a felony* and it has been pled and proved that the defendant has one or more prior felony [strike] convictions . . . ." (Pen. Code, § 1170.12, subds. (a), (c)(1), italics added; see § 667, subd. (e)(1).)[1] In the published portion of this opinion, we hold that a defendant who is convicted of a misdemeanor offense that is sentenced as a felony under section 186.22, subdivision (d), "has been convicted of a felony" within the meaning of the Three Strikes law and is subject to its sentencing scheme if he has one or more prior strikes.

### BACKGROUND

#### I. *Charges*

Defendants Michael Rocco and Samuel Cruz were jointly tried with a third defendant, Brittany Benavidez (who was acquitted and is not a party to this appeal), on the charge of premeditated attempted murder (§§ 664, 187, subd. (a)). Rocco also was charged with possession of a firearm by a felon (count 2; former § 12021, subd. (a)(1)). It was further alleged that, in the commission of the attempted murder, a principal personally discharged a firearm causing great bodily injury (§ 12022.53, subds. (d), (c), (b), and (e)(1)) and that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). Cruz was alleged to have suffered a prior strike conviction (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)).

#### II. *Verdicts and Appeals*

#### A. *Defendant Cruz*

Cruz admitted the prior strike allegation. The jury acquitted him of attempted murder. However, by stipulation of the parties, the court had

---

[1] All statutory references are to the Penal Code unless otherwise noted.

instructed the jury on the lesser related offense of, inter alia, simple assault, a violation of section 240, with the allegation under section 186.22, subdivision (d), that the offense was committed for the benefit of a criminal street gang. The jury convicted Cruz of this lesser related offense and found the section 186.22, subdivision (d) allegation to be true. The court sentenced Cruz under section 186.22, subdivision (d), to three years in state prison. Moreover, based on the three-year sentence, the court deemed the assault offense to be a felony, and doubled it under the Three Strikes law, for a term of six years.

In addition, the court found Cruz to be in violation of probation (he was on probation for the strike offense, assault by means of force likely to produce great bodily injury [§ 245, subd. (a)] with a gang enhancement [§ 186.22, subd. (b)(1)(A)]) and sentenced him to a consecutive term of four years on that offense, based on one-third the midterm of three years for the offense plus an additional three years for the gang enhancement.

Cruz appeals from the judgments in his two cases. He contends, first, that the trial court erred by doubling the sentence on his assault conviction (§ 240) under the Three Strikes law, because the conviction was for a misdemeanor offense that was only elevated to a felony at sentencing by the trial court's application of section 186.22, subdivision (d). In the published portion of this opinion, we reject this contention. Cruz also contends that in sentencing him on his probation violation, the trial court erred by imposing the full three-year enhancement under section 186.22, subdivision (b)(1)(A). The Attorney General concedes that the court should have imposed only one-third of the three-year enhancement, and in the unpublished portion of our opinion we correct the sentence accordingly.

B.   *Defendant Rocco**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.   *Evidence**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.   *Strike Sentencing of Defendant Cruz*

As we have noted, although the assault offense (§ 240) of which Cruz was convicted otherwise generally would have been deemed a misdemeanor, the

---

*See footnote, *ante*, page 1571.

trial court sentenced Cruz under section 186.22, subdivision (d) (hereafter section 186.22(d)),[2] and imposed a felony term of three years in state prison. The court ruled that the assault offense was a felony due to the application of section 186.22(d), and thus doubled the three-year sentence based on Cruz's prior strike conviction.

■     Cruz contends that the trial court erred by doubling his sentence because his current conviction was for a misdemeanor offense that was only elevated to a felony at sentencing by the trial court's application of section 186.22(d). We conclude that it is permissible to apply both the alternative, harsher penalty under section 186.22(d) for an offense committed to benefit a criminal street gang, and to double the sentence under the Three Strikes sentencing provisions for recidivist criminal activity, because each of these penalty provisions targets different criminal conduct. In short, a defendant who is convicted of a misdemeanor offense that is sentenced as a felony under section 186.22(d) "has been convicted of a felony" within the meaning of the Three Strikes law (§§ 1170.12, subds. (a), (c)(1); see § 667, subd. (e)(1)) and is subject to its sentencing scheme if he or she has one or more prior strike convictions.

■     Cruz's challenge to the doubling of his sentence for assault concerns the interplay of section 186.22(d) and the Three Strikes law, each of which sets forth an alternative sentencing scheme. Section 186.22(d) prescribes an alternate penalty for any person convicted of an offense punishable as a felony or a misdemeanor, when the underlying offense is committed to benefit a criminal street gang. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900 [135 Cal.Rptr.2d 30, 69 P.3d 951] (*Robert L.*); see *People v. Jones* (2009) 47 Cal.4th 566, 576 [98 Cal.Rptr.3d 546, 213 P.3d 997] (*Jones*).) This section was added pursuant to Proposition 21 on the 2000 ballot, a successful ballot initiative that made numerous changes pertaining to gang-related crimes. (*Jones, supra,* 47 Cal.4th at p. 570; *People v. Arroyas* (2002) 96 Cal.App.4th 1439, 1448 [118 Cal.Rptr.2d 380] (*Arroyas*).) " '[I]n the case of a voters' initiative statute . . . we may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted,

---

[2] Section 186.22(d) provides that "[a]ny person who is convicted of a public offense punishable as a felony or a misdemeanor, which is committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison for one, two, or three years . . . ." For the sake of simplicity, this opinion uses the phrase "to benefit a criminal street gang" as shorthand for offenses that fall within section 186.22(d).

not more and not less.' Section 186.22(d) enables prosecutors to more severely punish gang-related misdemeanors. This is the very result the voters intended when passing Proposition 21, not more and not less." (*Robert L., supra,* 30 Cal.4th at p. 909, quoting *Hodges v. Superior Court* (1999) 21 Cal.4th 109, 114 [86 Cal.Rptr.2d 884, 980 P.2d 433].)

The Three Strikes law has a different focus: deterring and punishing recidivist conduct, by ensuring longer prison sentences for those who commit a felony and have been previously convicted of serious or violent felony offenses. (*People v. Queen* (2006) 141 Cal.App.4th 838, 843 [46 Cal.Rptr.3d 332].) The portion of the Three Strikes law applicable to Cruz provides: "(a) Notwithstanding any other provision of law, if a defendant has been convicted of a *felony* and it has been pled and proved that the defendant has one or more prior felony convictions . . . the court shall adhere to each of the following: [¶] . . . [¶] (c) [¶] . . . [¶] (1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." (§ 1170.12, subds. (a), (c)(1), italics added; see § 667, subd. (e)(1).)

Cruz contends that despite the application of section 186.22(d), his conviction "remained a misdemeanor," albeit one with a felony-like prison sentence of three years. Because the "strike" law is triggered only when there is a current felony conviction, Cruz contends that law is not applicable to his conviction for assault and his sentence should not have been doubled. We disagree.

■ As Cruz acknowledges, section 186.22(d) sets forth an alternative penalty provision rather than a sentencing enhancement. (*Robert L., supra,* 30 Cal.4th at p. 909.) " 'Unlike an enhancement, which provides for an additional term of imprisonment, [a penalty provision] sets forth an alternate penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute.' " (*Jones, supra,* 47 Cal.4th at p. 578, italics omitted.) A felony is statutorily defined as "a crime that is punishable with death [or] by imprisonment in the state prison," as well as crimes punishable by imprisonment in county jail under certain circumstances. (§ 17, subd. (a); see *Robert L., supra,* 30 Cal.4th at p. 901.) Therefore, when the trial court sentenced Cruz to state prison, he was sentenced to a felony. (*People v. Stevens* (1996) 48 Cal.App.4th 982, 987 [56 Cal.Rptr.2d 13] ["The distinction between a misdemeanor and a felony is based upon the punishment prescribed. . . . If a felony punishment is selected

by the court, the subsequent petty theft is not merely *punished as* a felony: it *is* a felony." (citation omitted)]; see *Robert L., supra,* 30 Cal.4th at p. 906 [noting that "opponents warned that the passage of Proposition 21, section 186.22(d) would turn vandalism *under* $400 (a misdemeanor) into a felony . . ."]; *Arroyas, supra,* 96 Cal.App.4th at pp. 1448–1449 [referring to § 186.22(d) as converting a misdemeanor into a felony].)

*People v. Morgan* (2011) 194 Cal.App.4th 79 [122 Cal.Rptr.3d 865] (*Morgan*), is instructive. In that case, the defendant previously had pled guilty to brandishing a hammer (§ 417, subd. (a)(1)), a misdemeanor offense that was elevated to a felony under California's hate crime statute (§ 422.7, subd. (a)). (*Morgan, supra,* 194 Cal.App.4th at p. 81.) Later, the defendant was tried and found guilty of another crime of assault with a deadly weapon. (*Id.* at pp. 81–82.) The trial court found true the allegation that he had suffered a prior conviction (for brandishing a hammer) that qualified as a serious felony, and a strike. Based on its findings, the trial court added a five-year sentence enhancement and doubled the base term for the assault under the Three Strikes law. (*Morgan,* at p. 82.) On appeal, the defendant asserted the misdemeanor brandishing offense that was elevated to a felony under the hate crime statute did not qualify as a prior serious felony. (*Id.* at pp. 82–83.) The appellate court disagreed, holding that the trial court properly treated this conviction for brandishing a weapon as a felony by virtue of the elevation under the hate crime statute, and properly treated it as a "serious" felony pursuant to section 1192.7, subdivision (c)(23), because the defendant committed the offense while armed with a deadly or dangerous weapon. (*Morgan,* at p. 86; see *Stevens, supra,* 48 Cal.App.4th at pp. 984–985 [rejecting contention that Three Strikes law could not be applied to double sentence for petty theft where theft was properly sentenced as a felony under § 666 because defendant had prior theft-related conviction that resulted in incarceration].)[3]

---

[3] *Morgan* properly distinguished our decision in *People v. Ulloa* (2009) 175 Cal.App.4th 405 [95 Cal.Rptr.3d 905] (*Ulloa*). In *Ulloa,* we held that a prior conviction for a misdemeanor offense that was punished as a felony under section 186.22(d) does not qualify as a prior serious felony under section 1192.7, subdivision (c)(28), which provides that a serious felony includes "any felony offense, which would also constitute a felony violation of Section 186.22." (*Ulloa, supra,* 175 Cal.App.4th at p. 413.) Therefore, the prior conviction could not be used to impose a five-year enhancement on the current conviction under section 667, subdivision (a), and could not be treated as a prior strike under the Three Strikes law. As *Morgan* pointed out, in *Ulloa,* the same conduct that justified the elevation of the prior misdemeanor to a felony—conduct to benefit a criminal gang under section 186.22(d)—also was the basis for the trial court's determination that the felony was "serious" under section 1192.7, subdivision (c)(28). By contrast, in *Morgan,* "the conduct that made the prior conviction a felony (interfering with the victim's civil rights under § 422.7), [was] different from the conduct making that felony a serious felony (personally using a dangerous or deadly weapon under § 1192.7(c)(23))." (*Morgan, supra,* 194 Cal.App.4th at p. 86.) This distinction— further discussed below—is crucial.

Both *Morgan* and *Stevens* thus constitute authority for considering misdemeanors sentenced as felonies to be "felonies" for purposes of the Three Strikes law. Cruz cites to no authority to the contrary.

Although not cited by either the Attorney General or Cruz, the Supreme Court's decision in *Jones* likewise reinforces the correctness of the trial court's decision doubling Cruz's sentence after elevating his assault conviction to a felony. In *Jones,* the defendant was convicted of the felony offense of shooting at an inhabited dwelling (§ 246), punishable by a life sentence pursuant to section 186.22, subdivision (b)(4), because it was found to have been committed to benefit a criminal street gang. (*Jones, supra,* 47 Cal.4th at p. 571.) The trial court further imposed an additional 20-year prison term under the sentence enhancement provision of section 12022.53, subdivision (c), which prescribes an increased sentence for using a firearm in the commission of " '[a]ny felony punishable by death or *imprisonment* in the state prison *for life*.' " (*Jones, supra,* 47 Cal.4th at p. 571, quoting § 12022.53, subd. (a)(17), italics added & omitted.) At issue on appeal was whether the defendant committed a " 'felony punishable by' " life imprisonment and thus was correctly sentenced to an additional 20-year prison term under section 12022.53, subdivision (c). (*Jones, supra,* 47 Cal.4th at pp. 571–572, citing § 12022.53, subd. (a)(17).)

The defendant argued that it amounted to impermissible "bootstrapping" for the trial court both to apply section 186.22 to raise the underlying offense into a more serious category, and then to use the new category to impose an enhancement it could not have applied to the original, underlying offense. (*Jones, supra,* 47 Cal.4th at p. 574.) The Supreme Court rejected this argument, focusing on the fact that the section 186.22 alternative penalty and the section 12022.53 enhancement "appear in separate statutes enacted at different times" and target different conduct—activity to benefit a criminal gang, and gun use in the commission of a particularly serious crime, respectively. (*Jones, supra,* 47 Cal.4th at p. 575.) On this basis, the court distinguished *People v. Briceno* (2004) 34 Cal.4th 451, 465 [20 Cal.Rptr.3d 418, 99 P.3d 1007] (*Briceno*), which held that a misdemeanor sentenced as a felony under section 186.22(d), may not be " 'bootstrap[ped]' " into the enhancement provision for felonies in section 186.22, subdivision (b)(1) " 'as a means of applying a double dose of harsher punishment' " for gang activity,

---

Of course, *Ulloa* did not address the question before us today: whether a current conviction of a misdemeanor sentenced as a felony under section 186.22(d) should be treated as a felony for purposes of applying the Three Strikes sentencing scheme to that current conviction.

as well as *Arroyas, supra,* 96 Cal.App.4th at page 1445, which similarly held that when a defendant commits a misdemeanor that is punished as a felony under section 186.22(d), he is not subject to the additional enhancements of section 186.22, subdivision (b)(1). (*Jones, supra,* at pp. 573–574.) The *Jones* court concluded that "both *Briceno* and *Arroyas* considered the interplay between two statutory provisions that impose penalties for committing a crime to benefit a criminal street gang, and each concluded that the California electorate, which enacted those provisions through an initiative measure, did not intend to apply both provisions to the same crime." (*Jones, supra,* 47 Cal.4th at p. 575; see *Morgan, supra,* 194 Cal.App.4th at pp. 86–87 [finding that "the vice of bootstrapping the same conduct to increase a defendant's punishment under different statutes" was not present in that case].)

As in *Jones,* and in contrast to *Briceno* and *Arroyas,* the two alternative penalty provisions the trial court applied to Cruz are not found in the same statute, and do not target the same conduct. Section 186.22(d) targets crimes committed for the benefit of a gang, while the Three Strikes sentencing provisions target recidivist conduct and would not be triggered had Cruz not suffered a previous conviction for a serious felony. We therefore reject Cruz's argument that the sentence imposed by the trial court exceeds the penalty that voters wished to impose on defendants who committed misdemeanors to benefit criminal street gangs. Rather, the sentence correctly reflects the will of the voters and the Legislature, expressed at different times, to both punish gang-related crimes more severely, and to sentence recidivists to lengthier prison sentences. We thus hold that a defendant who is convicted of a misdemeanor offense that is sentenced as a felony under section 186.22(d), "has been convicted of a felony" within the meaning of the Three Strikes law and is subject to its sentencing scheme if he has one or more prior strike convictions. Cruz's sentence in case No. BA361974 was proper.

## II.–IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

Cruz's sentence for the section 186.22 enhancement in case No. BA336264 is modified to one year (one-third of the midterm of three years). The clerk of

---

*See footnote, *ante,* page 1571.

the superior court is directed to send a corrected abstract of judgment to the Department of Corrections and Rehabilitation. Otherwise the judgment as to Cruz is affirmed. The judgment as to Rocco is affirmed in full.

Epstein, P. J., and Suzukawa, J., concurred.

The petition of appellant Samuel H. Cruz for review by the Supreme Court was denied January 23, 2013, S206114.