Filed 9/17/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E059517 |
| v. | (Super.Ct.No. INF1300853) |
| RICHARD ALONSO CHAIDES, | **OPINION** |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. William S. Lebov, Judge. (Retired judge of the Yolo Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed and remanded with directions.

Paul E. Zellerbach, District Attorney, and Kelli Catlett, Deputy District Attorney, for Plaintiff and Appellant.

Amanda Fates, under appointment by the Court of Appeal, for Defendant and Respondent.

1

The complaint in this case alleged that defendant Ricardo Alonso Chaides had a prior felony conviction under Penal Code section 12025, subdivision (b)(3) and that this conviction constituted a strike for purposes of the three strikes law.

Penal Code section 12025(b)(3) elevates the offense of carrying a concealed firearm (Pen. Code, § 12025, subd. (a)), which would otherwise be a misdemeanor, to a felony when the defendant has also committed active gang participation in violation of Penal Code section 186.22, subdivision (a). Active gang participation is a "wobbler," i.e., it can be punished as a felony or as a misdemeanor.

One of the ways a prior conviction can qualify as a strike is if it is a conviction for a "felony offense, which would also constitute a *felony* violation of Section 186.22 . . . ." (Pen. Code, §§ 667, subd. (d)(1), (e), 1192.7, subd. (c)(28), italics added.)

The trial court sustained a demurrer to the strike prior allegation; it ruled that defendant's prior conviction constituted only a *misdemeanor* violation of Penal Code section 186.22, subdivision (a).

The People appeal. We will hold that the trial court erred. In ruling on the demurrer, it had to accept the allegations of the complaint as true; those allegations indicated that defendant had been convicted of an offense that would also constitute a felony violation of Penal Code section 186.22, subdivision (a). On remand, however, the evidence may show that Defendant's offense of carrying a concealed firearm would constitute only a misdemeanor violation of Penal Code section 186.22, subdivision (a).

In that event, defendant would be entitled to have the strike prior allegation found not true.

## I

## LEGAL BACKGROUND

Penal Code section 186.22, subdivision (a), defines the offense of active gang participation. A violation of Penal Code section 186.22, subdivision (a) is a wobbler, punishable as either a felony or a misdemeanor. (See Pen. Code, § 17.)

Former section 12025 of the Penal Code (section 12025),[1] as relevant here, provided:

"(a)  A person is guilty of carrying a concealed firearm when he or she does any of the following:

"(1)  Carries concealed within any vehicle which is under his or her control or direction any pistol, revolver, or other firearm capable of being concealed upon the person.

"(2)  Carries concealed upon his or her person any pistol, revolver, or other firearm capable of being concealed upon the person.

---

[1]  Effective January 1, 2012, section 12025 was repealed and reenacted, without any substantive change, as Penal Code section 25400. (Stats. 2010, ch. 711, §§ 4, 6.)

3

"(3)  Causes to be carried concealed within any vehicle in which he or she is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person.

"(b)  Carrying a concealed firearm in violation of this section is punishable, as follows:  [¶] . . . [¶] . . .

"(3)  *Where the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22 . . .* , as a felony.[2]  [¶] . . . [¶] . . .

"(7)  In all [other] cases . . . , by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine."  (Stats. 1999, ch. 571, § 2, italics added.)

Our Supreme Court has held that being "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22," requires all of the elements of the substantive offense of active gang participation.  (*People v. Robles* (2000) 23 Cal.4th 1106, 1115.)

Among the prior offenses that constitute a strike under the three strikes law is "any felony offense, which would also constitute a *felony* violation of Section 186.22 . . . ." (Pen. Code, §§ 667, subd. (d)(1), (e), 1192.7, subd. (c)(28), italics added.)  Thus, carrying a concealed weapon while being an active participant in a street gang, in violation of

---

[2]  It is important to read the words "as a felony" carefully.  They indicate that the crime of carrying a concealed firearm is punishable as a felony.  They do not require that the active gang participation be punishable as a felony.

Penal Code section 12025, subdivision (b)(3), is not a strike unless it would have constituted a felony violation of Penal Code section 186.22, subdivision (a).

## II

## PROCEDURAL BACKGROUND

The People filed a complaint charging defendant with one count of resisting an executive officer (Pen. Code, § 69) and one count of battery on a peace officer. (Pen. Code, § 243, subd. (c)(2).) For purposes of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), the complaint further alleged that defendant had a prior conviction for "gang member with a gun, . . . in violation of section 12025, subdivision (b), subsection (3), of the Penal Code," which was "a serious and violent felony . . . ." (Capitalization altered.)

Defendant filed a demurrer on the ground that his conviction under Penal Code section 12025, subdivision (b)(3) did not qualify as a serious or violent felony. In his demurrer, defendant represented that he had not only pleaded guilty to a felony violation of section 12025(b)(3), but had also, at the same time, pleaded guilty to a *misdemeanor* violation of Penal Code section 186.22, subdivision (a).

5

The trial court sustained the demurrer.[3] It explained: "The defendant pled guilty to a charge of carrying a concealed firearm. He admitted a gang enhancement[,] which made the misdemeanor charge of carrying a concealed firearm a felony. It was not a substantive gang crime. It was [a] punishment section. He also pled guilty to a substantive gang crime but as a misdemeanor[,] which obviously would not become a strike since it's a misdemeanor. The charge of carrying a concealed firearm, which [is] now punishable as a felony because of the gang enhancement, is not a serious felony within the meaning of. . . 1192.7(c)(28)." Thus, it struck the allegation.

The People appealed. (See Pen. Code, § 1238, subds. (a)(1), (a)(2); *People v. Espinoza* (1979) 99 Cal.App.3d 59, 65-68 [Fourth Dist., Div. Two].)

III

THE COMPLAINT ADEQUATELY ALLEGED A STRIKE PRIOR

"[A] demurrer lies only to challenge the sufficiency of the *pleading*. It is limited to those defects appearing on the face of the accusatory pleading, and raises only issues of law. [Citations.] "'The [accusatory pleading] must be given a reasonable

---

[3] The minute order characterized the People's motion as a "Romero [m]otion." (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) This was a clerical error. At the hearing, the trial court acknowledged that the motion was not a *Romero* motion. Both sides agree that it was, in fact, a demurrer. (See *People v. Equarte* (1986) 42 Cal.3d 456, 466-467 [demurrer may be used to challenge enhancement allegation]; *Owen v. Superior Court* (1979) 88 Cal.App.3d 757, 762, fn. 4 [demurrer may be used to challenge special circumstance allegations].)

interpretation and read as a whole with its parts considered in their context.'" [Citation.]" (*People v. Biane* (2013) 58 Cal.4th 381, 388.)

"In ruling on a demurrer, it is *presumed* that all factual averments are true. 'The defendant cannot strengthen his demurrer by *bringing in evidentiary material* which discloses a defect in the [pleading] . . . .' [Citation.] The sole question raised by demurrer is whether the pleading is *facially* — not factually — deficient." (*People v. Jimenez* (1993) 19 Cal.App.4th 1175, 1177, fn. 3, italics in original.)

Here, the complaint alleged that defendant had been convicted of a violation of Penal Code section 12025, subdivision (b)(3). Actually, this subdivision does not define a substantive offense; it is a penalty provision. (*People v. Infante* (2014) 58 Cal.4th 688, 692-694; See *People v. Jones* (2009) 47 Cal.4th 566, 576 ["A penalty provision 'sets forth an alternate penalty for the underlying felony itself, when . . . the defendant has satisfied the conditions specified in the statute.' [Citation.]"].) Still, the only reasonable interpretation of the complaint is that defendant was convicted of the substantive offense of unlawfully carrying a concealed firearm under Penal Code section 12025, subdivision (a), and that active gang participation, which elevates carrying a concealed firearm to a felony under Penal Code section 12025, subdivision (b)(3), was either admitted or found true.

In the trial court, defendant relied on the distinction between an offense and a penalty provision. Basically, he argued that a misdemeanor — even if it has been elevated to a felony by the application of a penalty provision — is not a "felony offense"

7

within the meaning of Penal Code section 1192.7, subdivision (c)(28). In this appeal, however, defendant expressly disclaims any such argument. And wisely so, because the law is to the contrary. "[M]isdemeanors sentenced as felonies [are] 'felonies' for purposes of the Three Strikes law." (*People v. Rocco* (2012) 209 Cal.App.4th 1571, 1578; accord, *People v. Morgan* (2011) 194 Cal.App.4th 79, 86.)[4]

Rather, on appeal, defendant argues that, because active gang participation can be either a felony or a misdemeanor, under the "least adjudicated elements" test, a finding or an admission of active gang participation fails to prove a *felony* violation of Penal Code section 186.22, subdivision (a).

In the words of Justice Rubin, "This argument mixes apples and giraffes." (*California Retail Portfolio Fund GmbH & Co. KG v. Hopkins Real Estate Group* (2011) 193 Cal.App.4th 849, 859.) The least adjudicated elements test does not apply, because being a felony or a misdemeanor is not an *element* of active gang participation under Penal Code section 186.22, subdivision (a).

---

[4]  The only exception is that, when gang conduct has already been used to elevate the prior conviction to a felony under Penal Code section 186.22, subdivision (d), the prior conviction cannot be deemed a strike under Penal Code section 1192.7, subdivision (c)(28); the rationale is that this would be impermissible bootstrapping. (See *People v. Rocco*, *supra*, 209 Cal.App.4th at p. 1577, fn. 3; *People v. Morgan*, *supra*, 194 Cal.App.4th at pp. 86-87; *People v. Ulloa* (2009) 175 Cal.App.4th 405, 411-413.)

That is not the situation here. Penal Code section 186.22, subdivision (d) is not involved. Moreover, under *People v. Lamas* (2007) 42 Cal.4th 516, 524-525, there had to be evidence of active gang participation *distinct from* the offense of carrying a concealed firearm to elevate the latter to a felony.

Defendant quotes *People v. Watts* (2005) 131 Cal.App.4th 589, 596, which stated: "On an appellate challenge to a finding that a prior conviction was a strike, where the prior conviction is for an offense that can be committed in multiple ways, one or more of which would not qualify it as a strike, and *if it cannot be determined from the record that the offense was committed in a way that would make it a strike*, a reviewing court must presume the offense was not a strike." Defendant then argues that "there are several ways that an individual can violate [Penal Code section 186.22, subdivision (a)], the least of which is misdemeanor conduct." Defendant concludes that we must treat his active gang participation as a misdemeanor.

Again, however, felony and misdemeanor active gang participation are not distinct offenses with distinct elements. A felony is defined as "a crime that is *punishable* with death, or by imprisonment in the state prison." (Pen. Code, § 17, subd. (a), italics added.) Moreover, a wobbler becomes a misdemeanor only under certain circumstances (Pen. Code, § 17, subd. (b)) — most notably, "[w]hen the prosecuting attorney files . . . a complaint specifying that the offense is a misdemeanor" (Pen. Code, § 17, subd. (b)(4)) or "[a]fter a judgment imposing a punishment other than imprisonment in the state prison . . . ." (Pen. Code, § 17, subd. (b)(1).) "*A wobbler is deemed a felony* unless charged as a misdemeanor by the People or reduced to a misdemeanor by the sentencing court under section 17, subdivision (b). [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901-902, fn. 7, italics added.) Here, the complaint did not allege that defendant had

9

been charged with active gang participation, much less that this charge had been brought as, or reduced to, a misdemeanor.

Admittedly, defendant did represent to the trial court that, at the same time as he pleaded guilty under Penal Code section 12025, subdivision (b)(3), he also pleaded guilty to active gang participation, as a misdemeanor. If true, this would *conclusively* establish that his conduct of active gang participation did not constitute a *felony* violation of Penal Code section 186.22, subdivision (a). Thus, it would mean that his conviction under Penal Code section 12025, subdivision (b)(3) did *not* qualify as a strike. In other words, one can have a felony Penal Code section 12025, subdivision (b)(3) conviction based on either a felony Penal Code section 186.22(a) violation or a misdemeanor Penal Code section 186.22(a) violation, but for Penal Code section 12025(b)(3) to constitute a strike within the meaning of Penal Code sections 667, subdivisions (b)-(i) and 1170.12, the Penal Code section 186.22(a) violation upon which it is predicated must be a felony.

In ruling on a demurrer, however, the trial court could not consider defendant's representation. Arguably, defendant's guilty plea was judicially noticeable; however, defendant did not ask the trial court to take judicial notice of it, and he did not submit it in any judicially noticeable form.

In sum, then, the complaint alleged that defendant had been convicted of a violation of Penal Code section 12025, subdivision (b)(3); this is a "felony offense" for purposes of the three strikes law. Active gang participation is a felony, *unless it is charged as a misdemeanor or reduced to a misdemeanor under Penal Code section 17,*

10

*neither of which was alleged in the complaint.* Accordingly, the felony violation of Penal Code section 12025, subdivision (b)(3) of which defendant was convicted was adequately alleged to be a felony violation of Penal Code section 186.22, subdivision (a).

We therefore conclude that the trial court erred by sustaining the demurrer.

IV

DISPOSITION

The order appealed from is reversed. The matter is remanded with directions to overrule defendant's demurrer.

CERTIFIED FOR PUBLICATION

RICHLI
                                                                                        J.

We concur:

RAMIREZ
                        P. J.

MILLER
                        J.

11