[No. B201072. Second Dist., Div. Four. June 26, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND ULLOA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, the first three paragraphs of this opinion, part IV of the Discussion, and the Disposition are certified for publication in the Official Reports. The remainder of this opinion is not to be published.

**COUNSEL**

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan Sullivan Pithey and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**EPSTEIN, P. J.**—Raymond Ulloa appeals from a judgment of conviction of one count of kidnapping (Pen. Code, § 207, subd. (a)),[1] two counts of kidnapping to commit robbery (§ 209, subd. (b)(1)), one count of kidnapping to commit rape (§ 209, subd. (b)(1)), one count of kidnapping for carjacking (§ 209.5, subd. (a)), one count of first degree robbery (§ 211), three counts of second degree robbery (§ 211), one count of assault with a deadly weapon (§ 245, subd. (a)(1)), three counts of making criminal threats (§ 422), three counts of dissuading a witness by force or threat (§ 136.1, subd. (c)(1)), five counts of forcible oral copulation (§ 288a, subd. (c)(2)), and three counts of forcible rape (§ 261, subd. (a)(2)).

Appellant argues that the trial court committed reversible error by admitting irrelevant, unfairly prejudicial evidence, and that the prosecutor engaged in prejudicial misconduct in her closing argument. He also claims sentencing error.

In the published portion of this opinion, we hold that section 1192.7, subdivision (c)(28), which appears within the definition of "serious felony," does not include a misdemeanor punishable as a felony pursuant to section 186.22, subdivision (d). For that reason, we conclude that the trial court's finding that appellant's prior conviction was a serious felony is not supported by substantial evidence. In the unpublished portion of this opinion, we conclude that the sentence on count 3 must be stayed, pursuant to section 654, and that errors on the abstract of judgment must be corrected. Accordingly, the sentencing portion of the judgment is reversed and the matter remanded for resentencing. In all other respects, we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I–III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV

The trial court found that appellant had suffered a prior conviction of a serious felony for the purposes of the "Three Strikes" law's sentencing

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

*See footnote, *ante*, page 405.

provisions (§ 1170.12) as well as a five-year enhancement (§ 667, subd. (a)). Appellant contends that the trial court's finding that his prior conviction was a serious felony is not supported by sufficient evidence. We agree.

During the court trial on the prior conviction allegation, the prosecution's only evidence regarding the nature of the prior offense was a prison packet submitted pursuant to section 969b, which contained two abstracts of judgment, two fingerprint cards, a chronological history, and a photograph of appellant. The relevant abstract of judgment showed that in 2004 appellant was convicted of "PC 186.22(D) ASSIST IN CRIM CONDUCT W/GANG." Appellant had been convicted by plea agreement and sentenced to the upper term of three years. The trial court found that appellant suffered a conviction "for violation of Penal Code section 186.22[, subdivision] (d), assisting in criminal conduct with gang," and concluded that such a violation was a serious felony within the meaning of section 1192.7, subdivision (c)(28).

Among the serious felonies listed in section 1192.7, subdivision (c), is "any felony offense, which would also constitute a felony violation of Section 186.22." (§ 1192.7, subd. (c)(28).) Appellant contends that the description on the 2004 abstract of judgment is insufficient to support the trial court's finding because section 186.22, subdivision (d), is an alternate penalty provision, not a substantive offense, and hence applicable to a person convicted of either an underlying felony or misdemeanor. He points out that no evidence was presented as to whether the underlying substantive offense of which he was convicted was a felony or a misdemeanor. We must therefore determine whether the definition of "serious felony" includes a misdemeanor offense that was sentenced as a felony pursuant to the alternate penalty provision of section 186.22, subdivision (d). This appears to be a matter of first impression, as we have found no published cases addressing the question, and our Supreme Court expressly declined to state an opinion on the matter in *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 907, footnote 17 [135 Cal.Rptr.2d 30, 69 P.3d 951].

**A**

A defendant is subject to doubled sentences and a five-year sentence enhancement when convicted of any felony if he or she already has been convicted of a serious felony. (§§ 667, subd. (a), 1192.7, subd. (c).) Section 1192.7, subdivision (c), enumerates the felony violations which qualify as serious felonies, and includes "any felony offense, which would also constitute a felony violation of Section 186.22." (§ 1192.7, subd. (c)(28).)

The only substantive offense contained in section 186.22 is found in subdivision (a).[8] (*People v. Briceno* (2004) 34 Cal.4th 451, 460, fn. 7 [20 Cal.Rptr.3d 418, 99 P.3d 1007] (*Briceno*).) Our Supreme Court has described the remaining provisions of the statute as follows: "Section 186.22(b)(1), because it adds an additional term of imprisonment to the base term of the underlying felony offense, is a sentence enhancement. [Citations.] Section 186.22, subdivision (d) is an alternate penalty provision that applies to a person convicted of a gang-related misdemeanor offense.[9] [Citation.] Section 186.22, subdivision (b)(5) is an alternate penalty provision that applies to any gang-related underlying felony 'punishable by imprisonment in the state prison for life.' [Citation.] Section 186.22, subdivision (b)(4) is an alternate penalty provision that provides for an indeterminate life sentence for certain underlying felony offenses that are gang related. [Citation.] Neither is section 186.22, subdivision (b)(2) a substantive offense, for it provides that if the underlying felony described in section 186.22(b)(1) is committed on school grounds, 'that fact shall be a circumstance in aggravation of the crime in imposing a term under [the section 186.22(b)(1)]' enhancement. The remaining subdivisions of section 186.22 do not describe sentence enhancements, substantive offenses, or alternate penalty provisions; they simply define various terms used in section 186.22 (e.g., § 186.22, subds. (e), (f), (i)), or provide directions to the trial court upon sentencing (e.g., § 186.22, subds. (b)(3), (c), (g))." (*Briceno, supra*, 34 Cal.4th at p. 460, fn. 7.)

■ It is undisputed that the substantive offense of active participation in a street gang, as defined in section 186.22, subdivision (a), is a serious felony pursuant to section 1192.7, subdivision (c)(28). (See, e.g., *Briceno, supra*, 34 Cal.4th at pp. 458–459.) In *Briceno*, the court held that the term " 'felony violation,' " as used in section 1192.7, subdivision (c)(28), also includes a sentence enhancement under section 186.22, subdivision (b)(1). (34 Cal.4th at p. 456.) Respondent contends that this holding extends to offenses punished as felonies under section 186.22, subdivision (d). Yet there are important distinctions between subdivision (b)(1) and subdivision (d) of section 186.22.

---

[8] "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years." (§ 186.22, subd. (a).)

[9] "By definition, a sentence enhancement is 'an additional term of imprisonment added to the base term.' (Cal. Rules of Court, rule 4.405(c); [citation].) Section 186.22(d) is not a sentence enhancement because it does not add an additional term of imprisonment to the base term; instead, it provides for an alternate sentence when it is proven that the underlying offense has been committed for the benefit of, or in association with, a criminal street gang." (*Robert L. v. Superior Court, supra*, 30 Cal.4th at pp. 898–899.)

 Imposition of a sentence enhancement pursuant to section 186.22, subdivision (b)(1), will occur only when the underlying crime is a felony.[10] In contrast, the alternate sentencing provisions of section 186.22, subdivision (d), apply when a person is convicted of either a felony or a misdemeanor, as long as the offense was committed "for the benefit of, at the direction of or in association with, any criminal street gang with the specific intent to promote, further, or assist in any criminal conduct by gang members." If sentenced pursuant to this provision, a defendant "shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison for one, two, or three years, provided that any person sentenced to imprisonment in the county jail shall be imprisoned for a period not to exceed one year, but not less than 180 days, and shall not be eligible for release upon completion of sentence, parole, or any other basis, until he or she has served 180 days. If the court grants probation or suspends the execution of sentence imposed upon the defendant, it shall require as a condition thereof that the defendant serve 180 days in a county jail." (§ 186.22, subd. (d).)

 By authorizing a sentence of imprisonment for one, two, or three years, subdivision (d) grants the trial court discretion to treat a misdemeanor offense as a felony for the purpose of imposing sentence for that offense. (*People v. Arroyas* (2002) 96 Cal.App.4th 1439, 1444 [118 Cal.Rptr.2d 380].) Yet, a misdemeanor that is treated as a felony for sentencing purposes under subdivision (d) is not treated as a felony for every purpose. For example, a misdemeanor sentenced as a felony under section 186.22, subdivision (d), may not be " 'bootstrap[ped]' " into the enhancement provision for felonies in subdivision (b)(1). (*Briceno, supra*, 34 Cal.4th at p. 465, quoting *People v. Arroyas, supra*, 96 Cal.App.4th at p. 1445.)

Section 186.22, subdivision (b)(1), also differs from section 186.22, subdivision (d), with respect to its use in other statutory provisions. In *Briceno*'s analysis of whether an enhancement under subdivision (b) was a serious felony pursuant to section 1192.7, subdivision (c)(28), the court found it

---

[10] "Except as provided in paragraphs (4) and (5), any person who is *convicted of a felony* committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows: [¶] (A) Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion. [¶] (B) If the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years. [¶] (C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years." (§ 186.22, subd. (b)(1), italics added.)

relevant that "another felony reenacted by Proposition 21,[11] Welfare and Institutions Code section 707, subdivision (b)(21), specifically refers to the term 'felony violation' as encompassing the section 186.22(b)(1) gang sentence enhancement. Welfare and Institutions Code section 707, subdivision (b)(21) establishes a presumption that a 16- or 17-year-old minor is 'not a fit and proper subject to be dealt with under juvenile court law' where he or she is charged with '[a]ny violent felony, as defined in subdivision (c) of Section 667.5 of the Penal Code, *which would also constitute a felony violation of subdivision (b) of Section 186.22 of the Penal Code.*' (Italics added.) . . . The phrase in Welfare and Institutions Code section 707, subdivision (b)(21), 'which would also constitute a felony violation,' is *identical* to its counterpart in section 1192.7, subdivision (c)(28), and its meaning is clear: the Legislature, and now the voters, intended that the term 'felony violation' in Proposition 21 include the section 186.22(b)(1) gang sentence enhancement." (*Briceno, supra*, 34 Cal.4th at pp. 461–462.) Unlike subdivision (b), subdivision (d) of section 186.22 does not appear in Welfare and Institutions Code section 707's list of violations which render a juvenile offender presumptively ineligible to be dealt with under juvenile court law. Similarly, section 12022.53, subdivision (e), authorizes a sentence enhancement when *any principal* involved in the offense personally used a firearm, only if the defendant violated section 186.22, subdivision (b). Simply pleading and proving the elements of section 186.22, subdivision (d), does not make section 12022.53, subdivision (e), applicable.

Finally, although our Supreme Court has not spoken definitively as to whether a misdemeanor sentenced as a felony pursuant to section 186.22, subdivision (d), is a serious felony for the purpose of section 1192.7, subdivision (c)(28), the court's rationale with respect to another question suggests that it would not interpret the term "serious felony" to include such an offense. In *Briceno*, the court rejected the defendant's contention that a " 'felony violation' " under section 1192.7, subdivision (c)(28), only referred to the substantive offense found in section 186.22, subdivision (a). (*Briceno, supra*, 34 Cal.4th at p. 462.) To explain the language of section 1192.7, subdivision (c)(28), the court referred to *Robert L. v. Superior Court, supra*, 30 Cal.4th 894, which held that a misdemeanor offense committed for the benefit of a criminal street gang could be punished as a felony under section 186.22, subdivision (d). The court then reasoned, "[T]he section 1192.7(c)(28) phrase, 'felony violation of Section 186.22,' simply distinguishes crimes that are felonies *regardless* of section 186.22 from crimes that are initially misdemeanors, but become felonies *by virtue of* section 186.22." (*Briceno, supra*, 34

---

[11] Section 186.22, subdivision (d), and section 1192.7, subdivision (c)(28), were both added to the Penal Code as a result of Proposition 21, a ballot measure passed by the electorate in 2000. (See *Briceno, supra*, 34 Cal.4th at p. 456; *Robert L. v. Superior Court, supra*, 30 Cal.4th at p. 897.)

Cal.4th at p. 462.) It thus appears that for purposes of section 1192.7, subdivision (c)(28), the court would distinguish between those types of crimes.

■ For these reasons, we conclude that the section 1192.7, subdivision (c)(28), definition of a serious felony as a "felony offense, which would also constitute a felony violation of Section 186.22" does not include a misdemeanor punished as a felony pursuant to section 186.22, subdivision (d).

## B

■ Because there is no evidence in the record to show whether appellant's prior conviction was for a felony or for a misdemeanor punished as a felony, the trial court's true finding regarding the prior conviction of a serious felony allegation is not supported by substantial evidence. The only violation which appears on the abstract of judgment for appellant's 2004 conviction is section 186.22, subdivision (d). Because section 186.22, subdivision (d), does not define a substantive offense, appellant must have been convicted of a different substantive offense, then sentenced pursuant to the alternate penalty provision of section 186.22, subdivision (d). (See *Robert L. v. Superior Court, supra*, 30 Cal.4th at p. 898.) The substantive offense of which appellant was convicted could have been either a misdemeanor or a felony. " ' "[W]hen the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable . . . ." ' " (*People v. Banuelos* (2005) 130 Cal.App.4th 601, 607 [30 Cal.Rptr.3d 315].) Because the record does not disclose the substantive offense underlying appellant's 2004 conviction, we must presume that he was convicted of a misdemeanor. For the reasons explained above, a misdemeanor conviction is not a serious felony for the purposes of section 1192.7, even if a felony sentence is imposed pursuant to section 186.22, subdivision (d).

■ On remand, the People may present additional evidence to establish that appellant's prior conviction was a serious felony for the purposes of section 1192.7. "Neither double jeopardy nor due process bars a retrial on the prior conviction allegation . . . ." (*People v. Banuelos, supra*, 130 Cal.App.4th at p. 607.)

## V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 405.

## DISPOSITION

The judgment of conviction is affirmed. The sentence imposed for count 3 is stayed. The trial court is directed to clarify the count to which section 667.61 applies. The true finding on the prior serious felony conviction allegation is reversed and the sentence is vacated. The case is remanded for a retrial on the prior conviction allegation if the People so elect, or for a new sentencing hearing if the People do not timely go forward on the prior conviction allegation. After resentencing, the trial court is directed to prepare a modified abstract of judgment consistent with this opinion and forward it to the Department of Corrections and Rehabilitation.

Willhite, J., and Suzukawa, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 30, 2009, S174927.