Filed 11/13/13  P. v. Valdovino CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C072078 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F4456) |
| v. | |
| JACINTO JOSE VALDOVINO, | |
| Defendant and Appellant. | |

At night on June 13, 2010, defendant Jacinto Jose Valdovino (a member of the Norteño gang) approached A. (a member of the Sureño gang) in a Sureño-controlled park in Redding and started talking to him.  Defendant then told A. to tell his girlfriend to leave before both of them got shot and showed A. a gun in his waistband.  A.'s girlfriend left.  At defendant's direction, A. followed defendant to a car that had just pulled up, the two got in, and defendant told the driver to go.  The driver stopped at several turnouts, but defendant said, " 'No, [n]o.  Not right here, not right here.' "  The driver then stopped at another turnout, and defendant got out of the car and ordered A. out of the car.  Defendant repeatedly shot at A., hitting him in the leg.  Defendant got back into the car, and the car sped off.

1

A jury found defendant guilty of attempted murder, kidnapping, assault with a firearm, and participation in a street gang. The jury also found true gang enhancements and personal use of a firearm enhancements. The court found defendant had a prior strike and had served a prior prison term and sentenced him to 67 years to life in prison.

On appeal, defendant and the People raise multiple sentencing issues. Two have merit. One, we agree with defendant there was insufficient evidence that he had a prior strike (here, battery committed for the benefit of a criminal street gang) because the evidence did not show that the underlying battery was felonious in and of itself. In doing so, we agree with the only published case on point, *People v. Ulloa* (2009) 175 Cal.App.4th 405 (*Ulloa*). Two, we agree with the People based on *People v. Lopez* (2005) 34 Cal.4th 1002 that the trial court erred in imposing a 10-year gang enhancement for attempted murder because it had already imposed a 15-year minimum parole eligibility gang enhancement as to the same count.

DISCUSSION

I

*The Trial Court's Finding Of Multiple Objectives For The Attempted Murder*
*And Kidnapping Was Supported By Substantial Evidence*

Defendant contends his punishment for kidnapping must be stayed because "the kidnapping was committed in order to accomplish the attempted murder and therefore had no independent objective." He argues the court erred as a matter of law in finding to the contrary, i.e., "that the crimes for kidnapping and attempted murder were independent and were not merely incidental one to the other, and that the defendant entertained separate criminal objectives for each crime." We disagree with defendant because there was substantial evidence he had dual objectives in kidnapping and attempting to murder A. (*People v. Osband* (1996) 13 Cal.4th 622, 731 [standard of review for a Penal Code section 654 claim].)

2

Defendant told a detective who interviewed him postarrest that when he left the park with A., he perhaps was going to "fucking smack him or something like that" but had no intention of killing him. Seizing on defendant's statement, the People in closing argued that the objective for the kidnapping could have been instilling fear of and respect for the Norteño gang in the community. Indeed, a gang expert testified that a Norteño's act of going into the territory of the rival Sureño gang (as the park was) and getting a rival gang member to go with the Norteño would increase the Norteño's status in the gang and instill fear in the Sureños. Defendant then could have later formed a separate intent to kill A. when they were driving, which is supported by A.'s testimony that when the driver stopped at several turnouts, defendant said, " 'No, [n]o. Not right here, not right here,' " which suggested defendant might have been looking for what he considered a good spot to shoot A. Under these circumstances, the court's finding of dual objectives was supported by substantial evidence.

## II

*There Was Insufficient Evidence Defendant Had A Prior Strike,*

*But The People Still Have A Chance To Prove Otherwise On Remand*

Defendant contends there was insufficient evidence that he had a prior strike (here, battery committed for the benefit of a criminal street gang). He argues the evidence was insufficient to support this crime as a strike because the evidence did not show that the underlying conduct was a felony, in and of itself, and it became so only because the gang enhancement attached to the prior conviction elevated the crime to a felony. In support, he relies on *Ulloa*, *supra*, 175 Cal.App.4th at page 408, in which Division Four of the Second Appellate District held that Penal Code[1] "section 1192.7, subdivision (c)(28),[[2]]

---

[1]    All further section references are to the Penal Code unless otherwise specified.

[2]    Section 1192.7, subdivision (c)(28) states that " 'serious felony' " includes "any felony offense, which would also constitute a felony violation of Section 186.22."

3

which appears within the definition of 'serious felony,' does not include a misdemeanor punishable as a felony pursuant to section 186.22, subdivision (d)."[3]  The People respond that *Ulloa* is dispositive if we follow it, but they argue it was wrongly decided.

We begin by explaining the facts and issue presented in *Ulloa*.  There, "[t]he trial court found that appellant had suffered a prior conviction of a serious felony for the purposes of the 'Three Strikes' law's sentencing  provisions (§ 1170.12) as well as a five-year enhancement (§ 667, subd. (a))."  (*Ulloa*, *supra*, 175 Cal.App.4th at pp. 408-409.) "The relevant abstract of judgment showed that in 2004 appellant was convicted of 'PC 186.22(D) ASSIST IN CRIM CONDUCT W/GANG.'  Appellant had been convicted by plea agreement and sentenced to the upper term of three years.  The trial court found that appellant suffered a conviction 'for violation of Penal Code section 186.22[, subdivision] (d), assisting in criminal conduct with gang,' and concluded that such a violation was a serious felony within the meaning of section 1192.7, subdivision (c)(28)."  (*Ulloa*, at p. 409.)  On appeal, appellant argued the prior conviction was not a strike, "point[ing] out that no evidence was presented as to whether the underlying substantive offense of which he was convicted was a felony or a misdemeanor."  (*Ibid.*)  The *Ulloa* court framed the issue as follows:  "We must therefore determine whether the definition of

---

**3**     Section 186.22, subdivision (d) states that "Any person who is convicted of a public offense punishable as a felony or a misdemeanor, which is committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison for one, two, or three years, provided that any person sentenced to imprisonment in the county jail shall be imprisoned for a period not to exceed one year, but not less than 180 days, and shall not be eligible for release upon completion of sentence, parole, or any other basis, until he or she has served 180 days.  If the court grants probation or suspends the execution of sentence imposed upon the defendant, it shall require as a condition thereof that the defendant serve 180 days in a county jail."

4

'serious felony' includes a misdemeanor offense that was sentenced as a felony pursuant to the alternate penalty provision of section 186.22, subdivision (d)." (*Ulloa*, at p. 409.) The *Ulloa* court then explained why a misdemeanor offense that was sentenced as a felony pursuant to the alternate penalty provision of section 186.22, subdivision (d) was not a "serious felony." (*Ulloa*, at pp. 409-413.)

" 'Section 186.22, subdivision (d) is an alternate penalty provision that applies to a person convicted of a gang-related misdemeanor offense.' " (*Ulloa*, *supra*, 175 Cal.App.4th at p. 410, quoting *People v. Briceno* (2004) 34 Cal.4th 451, 460, fn. 7 (*Briceno*).) " 'Section 186.22(b)(1), because it adds an additional term of imprisonment to the base term of the underlying felony offense, is a sentence enhancement.' " (*Ulloa*, at p. 410, citing *Briceno,* at p. 460, fn. 7.) "The only substantive offense contained in section 186.22 is found in subdivision (a)." (*Ulloa*, at p. 410, citing *Briceno,* at p. 460, fn. 7.) Although the Supreme Court in *Briceno* held "that the term ' "felony violation" ' as used in section 1192.7, subdivision (c)(28), also includes a sentence enhancement under section 186.22, subdivision (b)(1)," there "are important distinctions between subdivision (b)(1) and subdivision (d) of section 186.22." (*Ulloa*, at p. 410, citing *Briceno*, at p. 456.) "Imposition of a sentence enhancement pursuant to section 186.22, subdivision (b)(1), will occur only when the underlying crime is a felony. [Footnote omitted.] In contrast, the alternate sentencing provisions of section 186.22, subdivision (d), apply when a person is convicted of either a felony or a misdemeanor, as long as the offense was committed 'for the benefit of, at the direction of or in association with, any criminal street gang with the specific intent to promote, further, or assist in any criminal conduct by gang members.' " (*Ulloa*, at p. 411.) "Yet, a misdemeanor that is treated as a felony for sentencing purposes under subdivision (d) is not treated as a felony for every purpose. For example, a misdemeanor sentenced as a felony under section 186.22, subdivision (d), may not be ' "bootstrap[ped]" ' into the enhancement provision for felonies in subdivision (b)(1)." (*Ulloa*, at p. 411, quoting *Briceno*, at p. 465.)

5

"Section 186.22, subdivision (b)(1), also differs from section 186.22, subdivision (d), with respect to its use in other statutory provisions." (*Ulloa*, at p. 411.) "Unlike subdivision (b), subdivision (d) of section 186.22 does not appear in Welfare and Institutions Code section 707's list of violations which render a juvenile offender presumptively ineligible to be dealt with under juvenile court law. Similarly, section 12022.53, subdivision (e), authorizes a sentence enhancement when *any principal* involved in the offense personally used a firearm, only if the defendant violated section 186.22, subdivision (b). Simply pleading and proving the elements of section 186.22, subdivision (d), does not make section 12022.53, subdivision (e), applicable." (*Ulloa*, at p. 412.)

"Finally," the *Ulloa* court explained "although our Supreme Court has not spoken definitively as to whether a misdemeanor sentenced as a felony pursuant to section 186.22, subdivision (d), is a serious felony for the purpose of section 1192.7, subdivision (c)(28), the court's rationale with respect to another question suggests that it would not interpret the term 'serious felony' to include such an offense. In *Briceno*, the court rejected the defendant's contention that a ' "felony violation" ' under section 1192.7, subdivision (c)(28), only referred to the substantive offense found in section 186.22, subdivision (a). [Citation.] To explain the language of section 1192.7, subdivision (c)(28), the court referred to *Robert L. v. Superior Court* [2003] 30 Cal.4th 894, which held that a misdemeanor offense committed for the benefit of a criminal street gang could be punished as a felony under section 186.22, subdivision (d). The court then reasoned, '[T]he section 1192.7(c)(28) phrase, "felony violation of Section 186.22," simply distinguishes crimes that are felonies *regardless* of section 186.22 from crimes that are initially misdemeanors, but become felonies *by virtue* of section 186.22.' " (*Ulloa*, at pp. 412-413, quoting *Briceno*, *supra*, 34 Cal.4th at p. 462.) "As stated in *People v. Arroyas* (2002) 96 Cal.App.4th 1439, 1448 . . . , a 'misdemeanor, converted to a felony by [section 186.22,] subdivision (d) [is not also] subject to the felony

6

enhancement provided in [section 186.22,] subdivision (b)(1).' " (*Briceno*, at p. 462.) "It thus appears that for purposes of section 1192.7, subdivision (c)(28), the court would distinguish between those types of crimes." (*Ulloa*, at p. 413.)

We find *Ulloa's* reasoning persuasive and decline the People's invitation to disagree with it. In doing so, we note the People's heavy reliance on *Briceno* as support for its argument. However, as we have detailed above, the language in *Briceno* seems to support the opposite conclusion.

We also note the People's reliance on two other cases and explain briefly why those cases do not help the People.

The first is *People v. Jones* (2009) 47 Cal.4th 566. There, the Supreme Court held that a defendant who shoots at an inhabited dwelling to benefit a criminal street gang is subject to the alternate penalty of life imprisonment under section 186.22, subdivision (b)(4),[4] and an additional 20-year enhancement under section 12022.53, subdivision (c).[5] (*Jones*, at pp. 568-569.) *Jones* is inapposite because there the "defendant [wa]s subject to that additional 20-year term not because he committed a gang-related offense but because he committed a particularly heinous crime (that is, a crime so serious that it is punishable by life imprisonment)." (*Jones*, at p. 575.) The opposite is true here -- the trial court found the strike prior true only because defendant committed a gang-related battery. It had nothing to do with the underlying misdemeanor conduct.

---

**4** Under section 186.22, subdivision (b)(4), a defendant who commits specified felonies "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members," is punishable by life imprisonment.

**5** A 20-year sentence enhancement is imposed on any defendant who "personally and intentionally discharges a firearm" (§ 12022.53, subd. (c)) in the commission of a "felony punishable by death or imprisonment in the state prison for life" (§ 12022.53, subd. (a)(17)).

7

The second is *People v. Morgan* (2011) 194 Cal.App.4th 79. There, Division One for the Fourth Appellate District held, "the trial court did not err in finding a prior conviction of brandishing a hammer, with a hate crime enhancement, qualified as a serious felony as defined by section 1192.7, subdivision (c)(23) (section 1192.7(c)(23)) because the conduct that made the prior conviction a felony differed from the conduct that made the prior conviction a serious felony." (*Morgan*, at p. 81.) *Morgan* supports the validity of *Ulloa*. Specifically, *Morgan* explained why the defendant there did not have the same problem as the defendant in *Ulloa*: "the concern in *Ulloa* was using the defendant's gang conduct to elevate a misdemeanor to a felony under section 186.22(d), and bootstrapping *the same gang conduct* into a serious felony under section 1192.7(c)(28)." (*Morgan*, at p. 86.) In *Morgan*, "however, the conduct that made the prior conviction a felony (interfering with the victim's civil rights under § 422.7), is different from the conduct making that felony a serious felony (personally using a dangerous or deadly weapon under § 1192.7(c)(23)). Thus, the vice of bootstrapping the same conduct to increase a defendant's punishment under different statutes that was present in *Ulloa*, and identified by our high court in *Briceno* and *Jones*, does not exist." (*Morgan*, at pp. 86-87.)

For these reasons, we do not find the cases cited by the People to be helpful to their position. We also agree with *Ulloa* that the remedy for finding insufficient evidence of the strike prior here is remand for retrial on the prior conviction. "On remand, the People may present additional evidence to establish that appellant's prior conviction was a serious felony for the purposes of section 1192.7." (*Ulloa*, *supra*, 175 Cal.App.4th at p. 413.)

## III

*The Trial Court Must Delete The 10-Year Gang Enhancement On The Attempted Murder Count And Lift The Stay On The Same Enhancement On The Kidnapping Count*

Citing Supreme Court precedent in *People v. Lopez, supra*, 34 Cal.4th at page 1002, the People argue the trial court erred in imposing a 10-year gang enhancement (§186.22, subd. (b)(1)(C)) for attempted murder because it had already imposed the 15-year minimum parole eligibility enhancement (§ 186.22, subd. (b)(5)) as to the same count.  We agree.

In *Lopez*, the Supreme Court considered "whether a gang-related first degree murder, which is punishable by a term of 25 years to life, carries an additional 10-year enhancement under Penal Code section 186.22(b)(1)(C) or, alternatively, a 15-year minimum parole eligibility term under section 186.22(b)(5)." (*People v. Lopez, supra*, 34 Cal.4th at p. 1004.)  The court  concluded, "the Legislature intended section 186.22(b)(5) to encompass both a straight life term as well a term expressed as years to life (other than those enumerated in subdivision (b)(4)) and therefore intended to exempt those crimes from the 10-year enhancement in subdivision (b)(1)(C)." (*Lopez*, at p. 1007.)

Thus, the 10-year enhancement attached to the attempted murder count (which the court here stayed) must be deleted.  (*People v. Lopez, supra*, 34 Cal.4th at p. 1011.) Because the 10-year enhancement for attempted murder must be deleted, the stay of that same enhancement with respect to the kidnapping count (which the court based on the fact it had imposed the enhancement on the attempted murder count) must be lifted.

## DISPOSITION

The judgment of conviction is affirmed.  The true finding on the prior serious felony conviction allegation is reversed and the sentence is vacated.  The case is remanded for a retrial on the prior conviction allegation if the People so elect, or for a new sentencing hearing if the People do not timely go forward on the prior conviction allegation.  After resentencing, the trial court is directed to prepare a modified abstract of

9

judgment consistent with this opinion (including deleting the 10-year enhancement attached to the attempted murder count and lifting the stay of the same enhancement on the kidnapping count) and forward it to the Department of Corrections and Rehabilitation.

                                        ROBIE        , J.


We concur:


        RAYE        , P. J.


        MURRAY        , J.