Filed 2/11/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G056949 |
| v. | (Super. Ct. No. 16CF2730) |
| CHRISTOPHER SHAWN STRIKE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Larry Yellin, Judge. Affirmed in part, reversed in part, and remanded with directions.

Richard Power for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews, Heidi Salerno and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

A jury convicted defendant Christopher Shawn Strike of possession of a controlled substance in a penal institution (Pen. Code, § 4573.6; count 1);[1] possession of paraphernalia in a penal institution (§ 4573.8; count 2); and possession of a controlled substance for sale (Health & Saf. Code, § 11378; count 3). In a bifurcated proceeding, the court found defendant had a prior conviction for gang participation (§ 186.22, subd. (a)), which qualified as a "strike" under the "Three Strikes" law. (§§ 667, subds. (d), (e)(1) & 1170.12, subds. (b), (c)(1).) At sentencing, the court imposed the midterm of three years on count 1, doubled to six years because of the prior strike conviction. As to count 2, the court imposed a concurrent sentence of four years (two-year term doubled due to the prior strike), and the sentence on count 3 was stayed under section 654.

On appeal, defendant seeks reversal of the court's finding that his prior gang participation conviction constitutes a strike under the Three Strikes law. He contends the court engaged in impermissible "judicial factfinding" in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution by finding facts that established his prior conviction qualifies as a strike. On the surface, the issue appears simple. In 2007, defendant pleaded guilty to one felony count of gang participation in violation of section 186.22, subdivision (a) (section 186.22(a)), and a felony violation of section 186.22 is a strike. (§ 1192.7, subd. (c)(28) [defining serious felonies for purposes of the Three Strikes law]; see *People v. Ulloa* (2009) 175 Cal.App.4th 405, 410 [noting "[i]t is undisputed that the substantive offense of active participation in a street gang" in § 186.22(a) is a serious felony].) However, evolution of the law has turned a simple issue into a more complicated one.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2

Although the elements of gang participation in section 186.22(a) have not changed since defendant pleaded guilty to the offense in 2007, our understanding of them has. At the time defendant entered his plea, an individual could be convicted of violating section 186.22(a) as a sole perpetrator. Five years later, in *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*), the California Supreme Court clarified section 186.22(a) is not violated by a gang member acting alone but is violated only when an active gang member commits a felony offense with one or more members of his or her gang. (*Rodriguez*, at pp. 1128, 1139 (plur. opn. of Corrigan, J.); *id.* at p. 1139 (conc. opn. of Baxter, J.).)

During the trial proceedings in 2017, the court was tasked with determining whether defendant had admitted all the elements of section 186.22(a) as now understood, when, in 2007, he pleaded guilty to violating section 186.22(a); specifically, whether defendant had admitted committing a felony offense with at least one other member of his gang. In fulfilling this task, the court considered not only the facts defendant admitted as the factual basis for his 2007 guilty plea but also factual allegations in the 2007 charging document concerning the prior gang participation offense. Based on allegations in the charging document that the codefendant was a member of defendant's gang, the court found defendant's prior conviction constituted a strike. Because the record does not show that defendant admitted the factual allegations contained in the 2007 charging document as part of the factual basis for his guilty plea, we conclude the court engaged in impermissible judicial factfinding as recently explained by our Supreme Court in *People v. Gallardo* (2016) 4 Cal.5th 120 (*Gallardo*). Accordingly, defendant's prior strike must be stricken, his sentence vacated, and the matter remanded for further proceedings.

FACTS

The sole issue on appeal is whether defendant's prior gang participation conviction qualifies as a strike. The People alleged defendant was convicted in 2007 of violating section 186.22(a) in *People v. Strike* (Super. Ct. Orange County, 2007, No. 07CF2215) and that this conviction was a prior serious felony, commonly referred to as a strike, under the Three Strikes law (§§ 667, subds. (d), (e)(1) & 1170.12, subds. (b), (c)(1)). Defendant waived his right to a jury trial on the prior conviction allegation.

After the jury found defendant guilty of the substantive charges,[2] the court conducted the hearing on the prior conviction allegation. The court admitted into evidence, without objection, a packet of documents from defendant's prior case: (1) the felony complaint; (2) the amended felony complaint; (3) the "Advisement and Waiver of Rights for a Felony Guilty Plea" (*Tahl* form)[3] signed by defendant; (4) the "Terms and Conditions of Felony Probation" form signed by defendant; and (5) court minutes.

In the amended complaint filed in October 2007, defendant and another individual were charged with four offenses. Relevant here is the charge in count 3, which alleged: "On or about December 16, 2006, in violation of Section 186.22(a) of the Penal Code (Street Terrorism), a Felony, Justin [S.] and [defendant] did unlawfully actively participate in Norwalk Skins, a criminal street gang, with knowledge that its members engage in and have engaged in a pattern of criminal gang activity, and did willfully and unlawfully promote, further, and assist in felony criminal conduct by members of that gang." Pursuant to a plea agreement in November 2007, defendant pleaded guilty to

---

[2]     Defendant's substantive offenses resulted from a search of his person and cell in the Orange County jail, wherein a deputy sheriff found three bags of methamphetamine on his person and a pipe used for smoking methamphetamine in his bunk.

[3]     *In re Tahl* (1969) 1 Cal.3d 122.

count 3 and the remaining charges and enhancements were dismissed. The 2007 *Tahl* form executed by defendant stated the following as the factual basis for his guilty plea: "In Orange County, California, on 12-16-06 in violation of Penal Code 186.22(a) did unlawfully actively participate in Norwalk Skins, a criminal street gang, with knowledge that its members engage in and have engaged in a pattern of criminal gang activity, and did willfully and unlawfully promote, further, and assist in felony criminal conduct by members of that gang."

The court considered the documents submitted by the prosecution, as well as briefs filed by both parties on the issue of whether defendant's prior gang participation conviction qualified as a strike.[4] Defendant sought dismissal of the strike allegation, asserting the record of conviction for his prior gang participation conviction did not prove that he committed a felony offense with another member of his gang.

The court found the strike allegation true. Explaining its ruling, the court indicated it first looked at the factual basis for defendant's plea. But because the factual basis did not indicate another gang member committed a felony offense with defendant, the court considered "the entire *Tahl* form" and found it "states that [defendant] is pleading guilty to count 3 as alleged, which is a 186.22(a)." The court then reviewed the factual allegations in count 3 of the charging document, which alleged defendant and his codefendant were members of the same gang and promoted, assisted, or furthered felony criminal conduct by members of their gang. The court found the allegations in the charging document were sufficient to establish the post-*Rodriguez* requirement that defendant committed a felony with another member of his gang. Finding the strike

---

[4]     The written arguments were filed by the parties in one of defendant's other cases (*People v. Strike* (Super. Ct. Orange County, 2018, No. 17CF1079)), and the court took judicial notice of these briefs. In case No. 17CF1079, defendant was charged with multiple felonies and his 2007 conviction for gang participation was alleged as a strike prior in that case also.

5

allegation true, the court doubled the sentencing terms on each of defendant's convictions under the Three Strikes law.

DISCUSSION

On appeal, defendant argues the court's finding that his prior gang participation conviction constitutes a strike must be stricken. He contends the court engaged in impermissible judicial factfinding in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution by finding that he committed a felony with another gang member and that his prior conviction therefore qualifies as a strike. The Attorney General responds the court properly relied on the charging document and defendant's plea form to find the facts showing defendant's gang participation conviction was a strike. We conclude the court properly relied on defendant's plea form but erred by relying on the factual allegations in the charging document.

The statutory language in section 186.22(a) and the three elements of the gang participation offense have remained unchanged from the time of defendant's plea in 2007 to now. "[1] Any person who actively participates in any criminal street gang [2] with knowledge that its members engage in, or have engaged in, a pattern of criminal gang activity, and [3] who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished . . . ." (§ 186.22(a).) What has changed is the interpretation of the third element of the gang participation offense— the requirement that the defendant "willfully does an act that 'promotes, furthers, or assists in any felonious criminal conduct by members of that gang.'" (*People v. Rodriguez, supra*, 55 Cal.4th at p. 1131 (plur. opn. of Corrigan, J.).) At the time of defendant's plea in 2007, Courts of Appeal had held a gang member acting alone or with a non-gang member could be convicted of violating section 186.22(a). (*People v. Salcido*

6

(2007) 149 Cal.App.4th 356, 368; *People v. Sanchez* (2009) 179 Cal.App.4th 1297, 1308, both disapproved in *Rodriguez*, at p. 1137, fn. 8 (plur. opn. of Corrigan, J.).) Thus, at the time defendant entered his plea, it was not a required element of the gang participation offense that defendant had committed a felony offense with another member of his gang.

In 2012, the Supreme Court analyzed the third element of section 186.22(a) and a majority of the justices held a gang member acting alone does not violate section 186.22(a). (*Rodriguez, supra*, 55 Cal.4th 1125, 1128 (plur. opn. of Corrigan, J.); *id.* at p. 1139 (conc. opn. of Baxter, J.).)[5] Looking at the language of section 186.22(a), the plurality concluded the statute's plain meaning requires felonious criminal conduct committed by at least two members of the same gang. (*Rodriguez*, at pp. 1131-1132 (plur. opn. of Corrigan, J.).) Justice Baxter concurred in the plurality's conclusion that an active gang participant who commits a felony while acting alone is not guilty of violating section 186.22(a). (*Rodriguez*, at p. 1139 (conc. opn. of Baxter, J.).) *Rodriguez* clarified that section 186.22(a) punishes only "gang members who act[] *in concert* with other gang members in committing a felony" (*Rodriguez*, at p. 1138 (plur. opn. of Corrigan, J.)) and that a defendant committing a felony with participants who are not gang members does not violate subdivision (a). (*Rodriguez*, at pp. 1138-1139 (plur. opn. of Corrigan, J.); *id.* at pp. 1139-1140 (conc. opn. of Baxter, J.).)

---

[5]     Justice Corrigan wrote for a three-justice plurality with Justice Baxter concurring separately, and Justice Kennard wrote a three-justice dissent. Because there was no majority opinion, Justice Baxter's concurrence on grounds narrower than Justice Corrigan's plurality opinion represents the *Rodriguez* holding. (*Panetti v. Quarterman* (2007) 551 U.S. 930, 949.)

Following the Supreme Court's decision in *Rodriguez*, a conviction for gang participation under section 186.22(a) requires the prosecution to prove the alleged gang member engaged in felonious conduct with another member of his or her gang. (*Rodriguez, supra*, 55 Cal.4th at pp. 1131, 1134 (plur. opn. of Corrigan, J.); *People v. Vega* (2015) 236 Cal.App.4th 484, 504 [§ 186.22(a) requires "one of the people who engaged in the felonious conduct (in addition to defendant) must have belonged to the same gang in which defendant is an active participant"].)

Thus, in 2017, when the prosecution sought to prove defendant's 2007 gang participation conviction qualified as a strike, the understanding of the elements of the offense had shifted.[6] *Rodriguez* had narrowed the scope of section 186.22(a). Certain conduct that was considered gang participation prior to *Rodriguez* no longer qualified. This change in the interpretation of section 186.22(a) rendered a pre-*Rodriguez* conviction inconclusive on its face as to whether it qualified as a strike. (See *People v. Watts* (2005) 131 Cal.App.4th 589, 596-597 [holding a strike finding was not supported by the record where the defendant pleaded guilty to the offense, a violation of § 12031, subdivision (a)(2)(C), prior to a Supreme Court decision clarifying its elements].) A conviction under section 186.22(a) prior to *Rodriguez* could have been committed in ways that would not warrant a conviction and therefore a strike post-*Rodriguez*. Thus, to prove the strike allegation here, the prosecution could not simply rely on the fact defendant had suffered a conviction for violating section 186.22(a). The prosecution had to prove defendant admitted all of the elements of the offense as explained by *Rodriguez*, including that he committed a felony offense with another member of his gang. (See

---

[6] The district attorney conceded below that prior to the decision in *Rodriguez*, defendants in Orange County were convicted of violating section 186.22(a) as sole perpetrators.

*People v. Miles* (2008) 43 Cal.4th 1074, 1082 [an alleged sentence enhancement must be proved beyond a reasonable doubt].)

We pause here to discuss our Supreme Court's decision in *Gallardo, supra*, 4 Cal.5th 120, as *Gallardo* created another shift in the law relevant to the issue before us. *Gallardo* disapproved prior precedent concerning what a court could examine in making findings when determining whether a prior conviction qualifies as a strike. Prior to *Gallardo* there was *People v. McGee* (2006) 38 Cal.4th 682 (*McGee*).[7] In *McGee*, the Supreme Court considered whether "a criminal defendant has a right under the federal Constitution to have *a jury*, rather than *the court*, examine the record of [a] prior criminal proceeding to determine whether [an] earlier conviction subjects the defendant to an increased sentence when that conviction does not itself establish on its face whether or not the conviction constitutes a qualifying prior conviction for purposes of the applicable sentencing statute." (*McGee,* at pp. 685-686.) The issue arose in *McGee* because the defendant contended he had a federal constitutional right to have the jury determine whether his two prior robbery convictions from Nevada qualified as serious felonies or strikes under California's sentencing laws, where there was a difference between the elements of robbery in the two states. (*Id.* at pp. 687-688.)

In *McGee, supra*, 38 Cal.4th 682, the Supreme Court "held that the Sixth Amendment permits courts to review the record of a defendant's prior conviction to determine whether the crime qualifies as a serious felony for purposes of the sentencing laws." (*Gallardo, supra*, 4 Cal.5th at p. 124.) Under *McGee*, a court was permitted to "review the record to determine whether 'the conviction realistically may have been based on conduct that would not constitute a serious felony under California law.'" (*Gallardo*, at p. 124.) *McGee* was reconsidered in *Gallardo*, following decisions by the United States Supreme Court in *Descamps v. United States* (2013) 570 U.S. 254

---

[7]     *McGee* was disapproved by *Gallardo, supra*, 4 Cal.5th at page 125.

(*Descamps*) and *Mathis v. United States* (2016) 579 U.S. ___ [136 S.Ct. 2243] (*Mathis*), which discussed Sixth Amendment principles in addressing judicial factfinding in determining whether the defendants' prior convictions qualified as specified priors under the Armed Career Criminal Act, a federal sentencing statute that prescribes increased sentences for defendants with certain prior convictions. (*Gallardo*, at pp. 124, 132-134.)

After reviewing *Descamps* and *Mathis*, the California Supreme Court in *Gallardo* was "persuaded that the approach sanctioned in *McGee* is no longer tenable insofar as it authorizes trial courts to make findings about the conduct that 'realistically' gave rise to a defendant's prior conviction."[8] (*Gallardo, supra*, 4 Cal.5th at p. 134.) Our Supreme Court acknowledged the decisions in *Descamps* and *Mathis* concerned interpretation of a federal statute but noted this interpretation was informed by Sixth Amendment principles and that the United States Supreme Court's "explication of those principles was both considered and unequivocal: The jury trial right is violated when a court adds extra punishment based on factfinding that goes 'beyond merely identifying a prior conviction' by 'try[ing] to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct.'" (*Gallardo*, at p. 135.) Finding the United States Supreme Court's discussion of Sixth Amendment principles persuasive (*ibid*), our Supreme Court concluded "[t]he trial court's role is limited to determining the facts that were necessarily found in the course of entering the conviction. To do more is to engage in 'judicial factfinding that goes far beyond the recognition of a prior

_____

[8]       In deciding whether a prior conviction under former section 245, subdivision (a)(1) was a strike, the trial court in *Gallardo* had relied on a preliminary hearing transcript to determine that the defendant had used a knife in committing the offense. Former section 245, subdivision (a)(1), could be violated by either committing an assault with a deadly weapon, which is a serious felony and therefore a strike, or assault by means of force likely to cause great bodily injury, which is not. The Supreme Court, disapproving *McGee*, held the trial court erred by engaging in a "form of factfinding that strayed beyond the bounds of the Sixth Amendment." (*Gallardo, supra*, 4 Cal.5th at p. 136.) The record did not show that the defendant had "adopted the preliminary hearing testimony as supplying the factual basis for her guilty plea." (*Ibid*.)

10

conviction.'" (*Id.* at p. 134.) Explaining its holding, our Supreme Court stated: "[W]e now hold that a court considering whether to impose an increased sentence based on a prior qualifying conviction may not determine the 'nature or basis' of the prior conviction based on its independent conclusions about what facts or conduct 'realistically' supported the conviction. [Citation.] That inquiry invades the jury's province by permitting the court to make disputed findings about 'what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct.' [Citation.] The court's role is, rather, limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Id.* at p. 136.)

        With these principles from *Gallardo* in mind, we consider whether the court exceeded its role and violated defendant's rights under the Sixth and Fourteenth Amendments by finding defendant admitted certain facts that rendered his prior gang participation conviction a strike. In deciding whether the prosecution had proved the prior strike allegation, the court first looked at the factual basis for defendant's plea in the 2007 *Tahl* form, which stated: "In Orange County, California, on 12-16-06 in violation of Penal Code 186.22(a) did unlawfully actively participate in Norwalk Skins, a criminal street gang, with knowledge that its members engage in and have engaged in a pattern of criminal gang activity, and did willfully and unlawfully promote, further, and assist in felony criminal conduct by members of that gang." The court noted the factual basis for defendant's plea was insufficient by itself to prove his conviction qualified as a strike post-*Rodriguez* because it did not indicate defendant committed an offense with another gang member. Under *Gallardo*, the court properly considered the facts defendant admitted as the factual basis for his guilty plea. (*Gallardo, supra*, 4 Cal.5th at p. 136.)

11

The court, however, strayed beyond permitted judicial factfinding with its next steps. The court indicated it looked at defendant's "entire *Tahl* form" and that the form reflected defendant pleaded "guilty to count 3 *as alleged*, which is 186.22(a)" (italics added) and that the remaining counts and enhancements were dismissed as part of the plea deal.[9] From there, the court moved to the charging document and reviewed the allegation in count 3, which stated: "On or about December 16, 2006, in violation of Section 186.22(a) of the Penal Code (Street Terrorism), a Felony, Justin [S.] and [defendant] did unlawfully actively participate in Norwalk Skins, a criminal street gang, with knowledge that its members engage in and have engaged in a pattern of criminal gang activity, and did willfully and unlawfully promote, further, and assist in felony criminal conduct by members of that gang." Based on this allegation in the charging document, the court found defendant's gang participation conviction "meets the post-*Rodriguez* requirement" and qualifies as a strike. Explaining its reasoning, the court stated: "But I think the fact that [defendant] is pleading to this count and in this count there is another person that's alleged, like him, to have been an active member of the Norwalk Skins, I do think it's sufficient."

Our review of the record indicates the court strayed beyond its limited role of identifying those facts defendant admitted as part of his plea and the court engaged in impermissible judicial factfinding. While we agree with the court that the *Tahl* form reflects defendant was pleading guilty to count 3, it does not indicate that he was pleading to the charge *as alleged*. And therein lies the problem. The court used its finding that

_____

[9] It appears the court was relying on paragraph 2 of the *Tahl* form, which states: "I understand that I am pleading guilty, and admitting the following offenses, special punishment allegations, and prior convictions, carrying the possible penalties as follows: . . . ." The table that follows for the counts, charges, enhancements, and punishment, lists the four counts defendant was charged with as well as an enhancement. It states defendant faces a maximum sentence of 3 years for count 3 and that counts 1, 2, and 4 and an enhancement will be dismissed.

defendant pleaded "guilty to count 3 as alleged" as a springboard to get to the factual allegations in the charging document. But there is no indication in the record that defendant admitted count 3 as alleged or admitted the factual allegations in that count.[10] Indeed, there is evidence to the contrary. The record indicates defendant pleaded guilty to the charge in count 3 but did not admit all of the factual allegations contained therein. The facts defendant did admit as to count 3 are those contained in the *Tahl* form as the factual basis for his plea. And in those facts, he does not admit committing a felony offense with another member of his gang. Because defendant did not admit the factual allegations in the charging document as part of his plea, they could not serve as the basis for finding the strike allegation true and increasing his sentence.[11]

Citing *Gallardo* and *Descamps*, the Attorney General argues courts are permitted to rely on certain documents, including charging documents, "to identify the precise statutory basis for a prior conviction." (*Gallardo, supra*, 4 Cal.5th at p. 137.) We do not disagree. But that is not what the court did in this case. The court did not look to the charging document for the permitted purpose of determining the statutory basis or elements of defendant's prior conviction. (*Ibid.*) Instead, the court improperly relied on the charging document for facts underlying the conviction that were not specifically admitted by defendant as part of his guilty plea.

---

[10] The reporter's transcript of the 2007 plea hearing was not presented to the trial court and is not part of the appellate record.

[11] We also note parenthetically that the 2007 charging document alleged only that Justin [S.] and defendant promoted, furthered, and assisted in felony criminal conduct by members of Norwalk Skins, but failed to allege that they did so together and failed to identify the felony criminal conduct promoted, furthered, or assisted by either.

13

The Attorney General also contends the court did not engage in impermissible judicial factfinding because it "properly relied on the amended complaint, which [defendant] necessarily adopted as the factual basis for his guilty plea." We disagree. As discussed, there is no indication in the appellate record that defendant admitted the factual allegations in the charging document as part of the factual basis for his plea, and therefore, the court's reliance on them violated defendant's rights under the Sixth and Fourteenth Amendments. (*Gallardo, supra*, 4 Cal.5th at p. 135.)

We note, however, that reversal of a true finding on a prior conviction allegation does not prevent retrial of that enhancement. (*People v. Barragan* (2004) 32 Cal.4th 236, 241.) As explained in *Gallardo*, the appropriate remedy is to remand the case to the trial court for a new hearing on the prior strike allegation "to permit the People to demonstrate to the trial court, based on the record of the prior plea proceedings, that defendant's guilty plea encompassed a relevant admission about the nature of [his] crime." (*Gallardo, supra*, 4 Cal.5th at p. 139.) Upon remand, the prosecution may be able to provide a reporter's transcript of the 2007 plea proceedings or other documentation not previously provided, which may shed light on whether defendant admitted any additional facts as part of his guilty plea.

As we are vacating defendant's sentence and remanding the matter for further proceedings, we note the court erred by failing to designate the sentence stayed under section 654 for count 3 of his current charges (possession of a controlled substance of sale) and this must be corrected upon remand. "[W]hen a trial court determines that section 654 applies to a particular count, the trial court must impose sentence on that count and then stay execution of that sentence." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1466.) Upon remand, the court must impose a sentence on count 3 before staying the term under section 654.

14

DISPOSITION

The court's true finding regarding the prior strike allegation is reversed and defendant's sentence is vacated.  We remand the matter for retrial of the prior conviction allegation and resentencing.  In all other respects, the judgment is affirmed.


IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.