[No. C046852. Third Dist. July 25, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
ALLEN D. QUEEN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, only the Introduction, the Factual and Procedural Background, part II.A. of the Discussion and the Disposition are certified for publication.

## Counsel

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Carlos A. Martinez and Jeanne Wolfe, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BUTZ, J.**—Following a jury trial, defendant Allen D. Queen was found guilty of attempted murder of a public official (Pen. Code, § 217.1, subd. (b)—count one)[1] with an enhancement for personal use of a deadly weapon (§ 12022, subd. (b)(1)), two counts of possession of a deadly weapon while in custody (§ 4502, subd. (a)—counts two and six), manufacture or possession of a concealable deadly weapon (§ 12020, subd. (a)(1)—count three), two counts of assault with a deadly weapon on a custodial officer (§ 245.3—counts four and five) and damaging jail property (§ 4600, subd. (a)—count seven). In a bifurcated proceeding, the jury made a special

---

[1] Undesignated statutory references are to the Penal Code.

finding that defendant had been convicted of five prior serious felonies.[2] (§§ 667, subds. (a)(1) & (b)–(i), 1170.12, subds. (a)–(d).) Probation was denied and defendant was sentenced to an indeterminate state prison term of 181 years to life, consisting of a term of 45 years to life on count one (15 years to life tripled pursuant to § 667, subd. (e)(2)(A)(i)), consecutive terms of 25 years to life on counts two, four, five, six and seven (§ 667, subd. (e)(2)(A)(ii)), a consecutive term of 10 years for prior serious felony convictions and a one-year consecutive term for personal use of a weapon. The court stayed a sentence of 25 years to life on count three pursuant to section 654 and ordered defendant's sentence to be served consecutively to his sentence in a case previously affirmed by this court. (*People v. Queen* (Jan. 26, 2006, C045498) [nonpub. opn.].) His total aggregate term is 259 years to life.

Defendant again appeals, contending he was erroneously convicted of both possession of a weapon (count three) and possession of a weapon while in custody (count two). He also asserts the trial court made several sentencing errors. Finding no error, we shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2003, defendant was in custody and on trial for felony charges of making criminal threats (§ 422). When all but one of the jury's verdicts were read, defendant attacked the prosecutor, Kenneth Puckett, in the courtroom with a shank, which he had constructed out of a plastic coat hanger. Defendant punched and stabbed Puckett in the chest, neck and head before he was subdued.

In a letter to a reporter, defendant admitted he carried the shank in order to kill Puckett. During an interview with a police officer regarding the incident, defendant said to tell Puckett, "Maybe next time." At his trial on the matter, defendant testified he started making the shank more than a week before the attack and that he had brought it to court every day. Defendant said he made the weapon with the intent to stab one of the investigators who had worked on the case, but she was not present when the verdicts were read.

Several weeks later, defendant again was found to be in possession of a shank, this one constructed of steel, which he held while resisting the efforts of six officers to remove him from his jail cell. Two officers were cut during the incident, and defendant admitted he tried to cut every one of the officers.

---

[2] Allegations that defendant had served four prior prison terms (§ 667.5, subd. (b)) were stricken by the court by stipulation.

Defendant was taken to a medical unit where he was placed in five-point restraints in an observation cell. Defendant escaped from the restraints and shattered a window with one of the leather belts.

## DISCUSSION

### I. Convictions for Sections 4502 and 12020*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II. Validity of Strikes

#### A. *2003 Priors*

Guilty verdicts had been rendered but defendant had not been sentenced on his three convictions for criminal threats when he assaulted Puckett in June 2003. Defendant claims his three prior convictions for criminal threats cannot be considered strikes because it had not been determined whether the offenses would be treated as felonies or misdemeanors when defendant committed the new offense. Defendant is incorrect in his assertion that these prior convictions cannot be treated as strikes.

■ Section 667, subdivision (d)(1) provides in relevant part that "[t]he determination of whether a prior conviction is a prior felony conviction for purposes of [the three strikes law] shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor."

Thus, a conviction occurs on the date that guilt is adjudicated for purposes of determining whether a prior constitutes a strike. However, if the offense is made a misdemeanor at the initial sentencing, this determination is retroactive to the date guilt was decided, rendering the conviction a nonstrike. (See *People v. Laino* (2004) 32 Cal.4th 878, 896 [11 Cal.Rptr.3d 723, 87 P.3d 27]; *People v. Franklin* (1997) 57 Cal.App.4th 68, 72–73 [66 Cal.Rptr.2d 742]; cf. *Doble v. Superior Court* (1925) 197 Cal. 556, 576–577 [241 P. 852] [wobbler "stands as a felony for every purpose up to judgment" and misdemeanor judgment is not retroactive for purposes of the statute of limitations].)

■ In the present matter, defendant was found guilty by a jury of three violations of section 422 (criminal threats), which may be punished as a felony or misdemeanor. (See § 17, subds. (a) & (b).) These offenses were

---

*See footnote, *ante*, page 838.

prosecuted as felonies and, when the jury rendered guilty verdicts, they constituted strike convictions subject only to their reduction to misdemeanors at sentencing. At sentencing, defendant was ordered to serve a state prison term, leaving the convictions unchanged regarding their status as strikes. In other words, the condition that could have transformed these convictions into nonstrike priors did not occur, and they remained strikes.

Defendant relies on dicta in *People v. Williams* (1996) 49 Cal.App.4th 1632 [57 Cal.Rptr.2d 448] (*Williams*) to argue a contrary conclusion. In *Williams*, which involved a prior plea to burglary (an offense that can only be charged as a felony), the Sixth Appellate District held that, for purposes of the three strikes law, a defendant has a prior conviction "when guilt is established, either by plea or verdict." (49 Cal.App.4th at p. 1638.) In dicta, however, *Williams* noted an exception to this rule when the prior offense is a "wobbler" (an offense that can be charged as a felony or a misdemeanor): "We point out that when a prior offense is a 'wobbler,' a plea or verdict does not establish whether it is a felony; rather the sentence does. Thus, when the prior offense is a 'wobbler,' the phrase 'prior convictions' must include the pronouncement of sentence because only then can it be determined whether three strikes applies." (*Id.* at p. 1639, fn. omitted.)

We disagree with this dicta, as it runs counter to the statutory language and legislative intent of the three strikes law. Section 667, subdivision (d)(1) describes a narrow exception to strike treatment for prior convictions that do not result in felony handling at sentencing. As defendant's circumstances did not place him within the exception enunciated in this subdivision, his prior convictions for criminal threats remained strikes.

Furthermore, as noted in *Williams*, the focus of the three strikes law is on deterring and punishing recidivist conduct. (*Williams, supra,* 49 Cal.App.4th at p. 1638.) "When the deterrent effect of the law fails and the defendant subsequently commits another felony, he or she becomes a repeat offender and deserves harsher punishment, regardless of whether judgment and sentence have been pronounced on the initial offense." (*Ibid.*)

Here, defendant committed a new offense within moments of when his guilt was determined on his prior crimes. We do not believe the three strikes statute was intended to reward defendants for overeagerness in committing new offenses. To the contrary, both the letter and spirit of the three strikes law is maintained when a defendant who commits a new offense after his guilt has been determined on prior conduct is punished accordingly.

We conclude that defendant's prior convictions for criminal threats were properly treated as strikes in the present matter. We disagree with language in *Williams, supra,* 49 Cal.App.4th 1632, to the contrary.

## II.B–III.C[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Nicholson, Acting P. J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 2006, S146233.

---

[*]See footnote, *ante*, page 838.