Filed 3/29/21  P. v. Munoz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JULIO ZAMORA MUNOZ,<br><br>        Defendant and Appellant. | C091754, C091789<br><br>(Super. Ct. Nos. 18CF04566, 18CF06228, 19CF01936) |

Defendant Julio Zamora Munoz appeals a judgment and sentence entered upon convictions arising in three different criminal prosecutions.[1]  For ease of reference, we will refer to these actions as the "Transfer Case," the "Assault Case," and the "Weapon Possession Case," as more fully defined below.  Defendant complains the trial court erred in (1) failing to give a unanimity instruction in the Weapon Possession Case; (2) using a conviction from the Assault Case as a prior serious felony conviction for purposes of the three strikes law in the Weapon Possession Case; and (3) failing to have the sentence for

---

[1]     Because there is substantial overlap in their respective records, an identity of counsel, and attack judgments entered at the same time, we consolidate on our own motion, for purposes of argument and disposition, defendant's appeals in case numbers C091754 and C091789.

1

the Assault Case imposed by the same judge who took defendant's no contest plea resolving that action. Finding no error, we will affirm.

BACKGROUND

On January 31, 2018, in what would become Butte County case No. 18CF06228 (the Transfer Case), defendant was sentenced to three years of felony probation in Stanislaus County for committing an assault likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).)[2] This matter was transferred to Butte County.

On August 3, 2018, the People filed a complaint in case No. 18CF04566 (the Assault Case) charging defendant with two counts of felony assault with a deadly weapon (§ 245, subd. (a)(1); counts 1 & 2); criminal threats (§ 422, subd. (a); count 3); cruelty to an animal (§ 597, subd. (b); count 4); battery upon a peace officer (§ 243, subd. (b); count 5); and vandalism (§ 594, subd. (a); count 6). The complaint became the information on November 30, 2018.

On February 14, 2019, defendant resolved the Assault Case by pleading no contest to counts 1, 4, and 5 (felony assault with a deadly weapon, cruelty to an animal, and battery on a peace officer) in a proceeding presided over by Judge Deems. The remaining counts were dismissed with a *Harvey*[3] waiver. He also was found to have violated his probation in the Transfer Case as a result of his Assault Case plea. There was no discussion at this hearing of defendant waiving his right under *People v. Arbuckle* (1978) 22 Cal.3d 749 to be sentenced by the same judge accepting his plea, and defendant did not initial the *Arbuckle* waiver on his plea form. The matter was continued for sentencing on April 4, 2019. This hearing was later continued as a result of new charges against defendant in a third case.

---

[2]     Undesignated statutory references are to the Penal Code.

[3]     *People v. Harvey* (1979) 25 Cal.3d 754.

2

On April 3, 2019, defendant was charged in case No. 19CF01936 (the Weapon Possession Case) with assault with a deadly weapon (§ 245, subd. (a)(1); count 1) with a great bodily injury enhancement (§ 12022.7, subd. (a)); battery with serious bodily injury (§ 243, subd. (d); count 2); and custodial possession of a weapon (§ 4502, subd. (a)). The information was amended in November 2019 to add special allegations that defendant had been convicted of a prior serious felony in the Assault Case (§ 667, subd. (a)(1); counts 1 & 2) and that this same conviction constituted a prior strike (§§ 667, subds. (b)-(i), 1170.12; counts 1, 2 & 3).

The Weapon Possession Case was tried in a jury trial presided over by Judge Keithley. The jury found defendant guilty of custodial possession of a weapon, but not guilty of the remaining counts. In a bifurcated proceeding, the jury also found true the allegation that defendant had a prior conviction for assault with a deadly weapon in the Assault Case.

On January 30, 2020, Judge Deems denied defendant's motion to withdraw his no contest plea in the Assault Case and set all three cases for sentencing before Judge Keithley on February 20, 2020. Defendant did not object.

On February 20, 2020, Judge Keithley denied defendant's request for probation, terminated his probation in the Transfer Case, and sentenced him in all three cases to an aggregate prison term of 10 years. In reaching this sentence, the court set the custodial weapon possession count from the Weapon Possession Case as the principal term and sentenced defendant to the upper term of four years, doubled to eight years because of the prior strike. The court then sentenced defendant to a consecutive term of one year for the assault with a deadly weapon count from the Assault Case, plus one year consecutive for the assault likely to produce great bodily injury count from the Transfer Case. The court sentenced defendant to one-year concurrent terms for each of the two remaining counts from the Assault Case.

The court also imposed fines and fees as recommended by the probation department, with modifications, and awarded victim restitution to some victims, while reserving jurisdiction to award restitution to others. The court further recognized that defendant had a total of 1,313 days of custody credit, comprised of: 87 days of actual credit plus 86 days of conduct credit in the Transfer Case; 244 days of actual credit plus 244 days of conduct credit in the Assault Case; and 326 days of actual credit plus 326 days of conduct credit in the Weapon Possession Case. Defendant timely appealed and his request for a certificate of probable cause was denied.

DISCUSSION

I

*The Trial Court's Failure to Give a Unanimity Instruction*

Defendant argues the trial court erred in the Weapon Possession Case by failing sua sponte to give a unanimity instruction. He reasons that, because the prosecution presented evidence that defendant possessed an inmate-constructed baton on March 12, 2019, and that officers also found the beginnings of another baton on March 27, 2019, a unanimity instruction was required. We disagree.

The jury must unanimously agree that a defendant is guilty of a specific crime. (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) "Therefore, cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act. [Citations.] [¶] This requirement of unanimity as to the criminal act 'is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed.' [Citation.]" (*Ibid.*) To ensure juror unanimity, a prosecutor may use an opening statement or closing argument to elect a specific instance of the charged offense. (*People v. Mayer* (2003) 108 Cal.App.4th 403, 418-419; *People v. Hawkins* (2002) 98 Cal.App.4th 1428, 1452-1455.)

4

If the prosecutor does not make an election, the court has a sua sponte duty to instruct on unanimity. (*People v. Melhado* (1998) 60 Cal.App.4th 1529, 1534.)

Here, the information alleged the complained-of custodial possession of a weapon occurred "[o]n or about March 12, 2019." At trial, the People presented testimony that an inmate-constructed baton was found on defendant's bunk hidden below his clothing on March 12, 2019, following defendant's fight with his cellmate. Defendant conceded in his own testimony that the baton was his; he only quarreled over its intended use. The People also presented testimony that during a subsequent search of defendant's cell on March 27, 2019, authorities discovered what were "the possible beginnings of another baton with tightly wound paper," which was destroyed by authorities during the investigative process.

Thereafter, the court instructed the jury in regard to the baton possession crime, in pertinent part, that "[i]t is alleged that the crime occurred on March 12, 2019. The People are not required to prove that the crime took place exactly on that day but only that it happened reasonably close to that day." "The defendant is charged with possessing a weapon, specifically a baton, while in a penal institution. To prove that the defendant is guilty of this crime, the People must prove that: [¶] One, the defendant was present at or confined in a penal institution. [¶] Two, the defendant possessed or had under his control or manufactured a baton. [¶] Three, the defendant knew that he possessed or had under his control or manufactured a baton. [¶] And four, the defendant knew that the object was a baton. [¶] A penal institution is a county jail. In Count 3, the People do not have to prove that the defendant used or intended to use the object as a weapon. A person does not have to actually hold or touch something to possess it. It is enough if the person knowingly has control over it or the right to control it, either personally or through another person. Two or more people may possess something at the same time."

Consistent with the information and the court's instructions, the People argued in closing that count 3 had been established by evidence that defendant was housed in jail

5

and had a baton hidden under clothes on his bunk. They continued: "Then on March 27th when the deputies go into the defendant's cell, he, again, is starting to build the same exact weapon. [¶] That's circumstantial evidence, ladies and gentlemen, *that he possessed the weapon on March 12th*. It was on his bunk under his control. He knew that he possessed it, and he told us he had it. That's really not the issue. And that he knew the object was a baton." (Italics added.) The remainder of argument by the parties focused on the fight that occurred on March 12, 2019, and whether defendant had acted in self-defense.

Assuming for argument's sake that the People's evidence that authorities discovered what might have been the beginnings of a baton in defendant's cell on March 27 could qualify as a weapon for purposes of a violation of section 4502, subdivision (a), it is clear that the People elected through the information, instruction, and closing argument to charge that the possession at issue took place on or about March 12, 2019. Finding no ambiguity about the offense for which defendant was tried, we conclude that he has not established the trial court erred in failing to sua sponte instruct the jury on unanimity. (*People v. Mayer, supra*, 108 Cal.App.4th at pp. 418-419; *People v. Hawkins, supra*, 98 Cal.App.4th at pp. 1452-1455.)

II

*The Prior Strike Conviction*

As outlined above, defendant had pleaded no contest to felony assault with a deadly weapon in the Assault Case, but had not yet been sentenced, when he committed the custodial possession of a weapon act charged in the Weapon Possession Case. Defendant argues the trial court erred in using his assault with a deadly weapon conviction from the Assault Case as a prior strike in the Weapon Possession Case because assault with a deadly weapon is a wobbler and defendant had not previously been sentenced on that count. In so arguing, he urges us to "hold that a wobbler cannot qualify as a felony for purposes of the three strikes law prior to the initial sentencing." This court

6

already considered and rejected such a holding in *People v. Queen* (2006) 141 Cal.App.4th 838, 842-843 (*Queen*).

As we explained in *Queen*: "Section 667, subdivision (d)(1) provides in relevant part that '[t]he determination of whether a prior conviction is a prior felony conviction for purposes of [the three strikes law] shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.'

"Thus, a conviction occurs on the date that guilt is adjudicated for purposes of determining whether a prior constitutes a strike. However, if the offense is made a misdemeanor at the initial sentencing, this determination is retroactive to the date guilt was decided, rendering the conviction a nonstrike. (See *People v. Laino* (2004) 32 Cal.4th 878, 896; *People v. Franklin* (1997) 57 Cal.App.4th 68, 72-73; [citation].)" (*Queen, supra*, 141 Cal.App.4th at p. 842.)

As such, the *Queen* defendant's three felony convictions for wobbler offenses were strike convictions subject only to their possible reduction to misdemeanors at sentencing. (*Queen, supra*, 141 Cal.App.4th at pp. 842-843.) Because this contingency did not come to pass at sentencing, the convictions remained prior strikes. (*Id*. at p. 843.) Similarly, here, defendant was convicted of felony assault with a deadly weapon (§ 245, subd. (a)(1)), and the trial court at sentencing ordered defendant serve a consecutive prison term of one year for this count. Accordingly, this conviction continued to qualify as a prior strike, subjecting defendant to enhanced sentencing under the three strikes law. (§§ 667, subds. (b)-(i), 1170.12, 1192.7, subd. (c)(31).)

As we did in *Queen*, we disapprove of the dictum from *People v. Williams* (1996) 49 Cal.App.4th 1632, 1638-1639 suggesting that a wobbler is not a strike for purposes of the three strikes law until after a felony sentence is imposed. (*Queen, supra*, 141 Cal.App.4th at p. 843.) This dictum is "counter to the statutory language and legislative intent behind the three strikes law." (*Ibid*.) Surely, defendant should not be rewarded for

committing his new offense before he could be sentenced on the prior strike. Rather, "both the letter and spirit of the three strikes law is maintained when a defendant who commits a new offense after his guilt has been determined on prior conduct is punished accordingly." (*Ibid.*)

## III

### *The* Arbuckle *Claim*

Defendant argues the trial court erred prejudicially in failing to have the same judge who took his no contest plea in the Assault Case sentence him in that matter. The People contend defendant forfeited this right by failing to object in the trial court during sentencing. We agree with the People.

Although defendant had a right under *Arbuckle, supra*, 22 Cal.3d 749, as reaffirmed in *K.R. v. Superior Court* (2017) 3 Cal.5th 295, to have the same judge who took his plea in the Assault Case sentence him (here, Judge Deems), he neither asked that Judge Deems sentence him, nor objected to the imposition of sentence by Judge Keithley. In fact, in a proceeding before Judge Deems, he expressly acknowledged that Judge Keithley would be sentencing him in all three matters.

Under these circumstances, we agree with the holding in *People v. Cardenas* (2020) 53 Cal.App.5th 102, 125-127, that defendant's failure to enforce his *Arbuckle* rights forfeited his ability to challenge his sentence on those grounds on appeal. Nothing in *K.R. v. Superior Court*'s recognition that every defendant has an implied right to have the same judge who accepts a plea be the one to sentence him or her excuses a defendant's failure to object and actually request sentencing by the same judge.[4] (*Cardenas, supra*, at pp. 125-127.) Indeed, as the Attorney General points out, if the

---

[4] Because the minor in *K.R.* objected on the basis of *Arbuckle* at disposition (*K.R. v. Superior Court, supra*, 3 Cal.5th at p. 303), the Supreme Court had no occasion to consider whether failure to raise such an objection, as here, would result in forfeiture.

8

failure to object at sentencing to a different sentencing judge did not result in forfeiture, defense counsel could remain strategically silent while reserving the opportunity for defendant to later demand his or her *Arbuckle* rights if the sentence imposed is unsatisfactory. We acknowledge that the court in *People v. Bueno* (2019) 32 Cal.App.5th 342, 350 determined that the forfeiture doctrine does not apply to *Arbuckle* rights, but we find *Cardenas* more persuasive and follow it here. Defendant's arguments regarding alleged federal due process and other concerns do not persuade us otherwise.[5]

## DISPOSITION

The judgment is affirmed.

     KRAUSE     , J.

We concur:

     MAURO     , Acting P. J.

     DUARTE     , J.

---

[5] We find no merit in defendant's arguments to avoid forfeiture. No due process violation flows from the imposition of a sentence by a judge who did not accept the plea agreement. Nor has defendant shown that his "constitutional right to the benefit of the bargain" was violated. He was not subject to more punishment than agreed to in the plea deal. He also has not shown that the forfeiture authority did not exist when he was sentenced. Finally, his sentence was not unauthorized. The case he cites shows that a sentence is generally unauthorized for purposes of avoiding forfeiture if it could not be lawfully entered under the circumstances of the particular case. (See *People v. Scott* (1994) 9 Cal.4th 331, 354.) He received a lawful sentence; he quarrels only with the procedure. (*Id*. at pp. 354-355.)

9